The action was brought in 1858, to recover possession of three lots outside of the old, but within the limits of the present city of Wilmington. The description in the declaration is: Bounded by lands of ______ but lying between north boundary on Water Street and the railroad, on the east by 5th street and on the west by 4th street, said lots being parcel of a certain tract of land conveyed by T. D. Meares, C. M. E., to W. S. Campbell, on 17 day of May, 1845, the said three lots being designated on the plat which forms a part of said deed as Nos. 85, (414) 86 and 87. There were counts on the demise of W. S. Campbell, Solomon and John Nash, and W. S. and James Campbell, heirs-at-law of Marsden Campbell.
The plaintiff showed title in Marsden Campbell, to a tract of land north of and adjoining the old limits of Wilmington, which embraced the land in dispute, and proved that he died in 1842, and the lessors, W. S. and James Campbell, were his heirs-at-law. He proved the destruction of the records of New Hanover during the war, and offered a copy of a deed from T. D. Meares, C. M. E., to W. S. Campbell, with a plat of survey annexed. The only evidence, to show by whom the plat *Page 300 
attached to the deed was made, was the written description accompanying the plat, and which was referred to in the deed as a plat made by Alexander McRae, and the testimony of John McRae, who testified that his brother, Alexander McRae, made a survey of lands for Marsden Campbell, about the time he moved away in 1834, and he thinks he made a plat of the survey, though witness cannot say he ever saw the plat.
Plaintiff's counsel insisted that this testimony, together with the numerous deeds offered by the defendant was some evidence that the plat shown was a copy of the one made by Alexander McRae. Plaintiff showed a deed from W. S. Campbell to Solomon Nash, dated in 1845, and proved that Solomon Nash was dead, and the lessors, Solomon and John Nash, were his heirs-at-law.
The defendant claimed likewise under Marsden Campbell, and showed a deed from him to one London, dated in 1834, and from London to the defendant. The description in the deed was as follows: "All those five lots recently surveyed and plotted by Alexander McRae and filed in the Register's office and known as lots Nos. 88, 89, 90, 91 and 92, together with that portion of Hanover street intersecting between lots 89 and 90, the lots being bounded on the west by 4th street, on the east by 5th street, on the north (415) by Brunswick and on the south by the town of Wilmington, as laid down in said plat, as will more fully appear by reference thereto." The principal question in the case was the location of the land described in this deed. Plaintiff introduced one John H. Brown, who had surveyed the lots in dispute under an order of the Court. He testified, in substance, that the defendant's deed from London was located according to the general description and calls for the streets, it would embrace the three lots in question, but if located according to the numbers of the lots it would not embrace these three lots. There was other testimony as to this point.
Defendant's counsel asked the Court to instruct the jury, that the deed from Marsden Campbell to London, conveyed all the lands between 4th and 5th streets on the west and east, and Brunswick on the north, and the town of Wilmington on the south, as those streets and the boundaries of the town existed or were known in 1834, at the time the said deed was executed. His Honor declined this instruction, but told the jury, that the location of the deed from Marsden Campbell to London was exclusively a question for them; that the deed calls for a plat on which the land conveyed is designated by certain numbers, and it is then described by general boundaries. That the defendant says, that in the absence of the plat the particular description must be controlled by the general. The plaintiff insists that the plat attached to the deed from *Page 301 
Meares is the same as that referred to in the deed from Campbell to London. That it appears from deeds read by defendant's counsel, from Marsden Campbell to other persons, that Alexander McRae made surveys of these lands and a plat of them, prior to 1834, and it is for you to decide whether the two plats are the same, and if they are the same, then according to the evidence of the surveyor Brown, the deed from Cambell to London, or the lots as shown by the numbers set forth in that deed, would not include the land in controversy. The plaintiff's counsel, in his argument to the jury, used the plat annexed to the deed from Meares to Campbell, as evidence to locate the deed from Campbell to London, (416) insisting that they were the same, and that both plats were made by McRae and that the jury must so conclude; that the plat referred to in the latter deed was identical with the plat before them, on which the lots Nos. 88, 89, 90, 91 and 92 did not constitute any part of the land in controversy. Defendant's counsel protested against the use of this plat, and this course of argument. 1. Because there was no evidence that the plat exhibited was made by Alexander McRae. 2. Because the description accompanying the plat and made part of the deed was not made until December, 1843, and after the death of Marsden Campbell, and there was no competent evidence to show that this plat was a copy of the plat referred to in the deed to London. His Honor declined to interfere with the counsel in his argument. There was a verdict for the plaintiff. Motion forvenire de novo. Motion refused, and appeal by defendant.
The diagram shows the location of the lots in controversy, numbered 85, 86, 87, as also the locality of the different streets called for in the deeds. This diagram or plat is a copy of the one referred to, in the case, as the McRae plat.
Both parties claim under Marsden Campbell. The plaintiff established the fact by the aid of the plat referred to, and made a part of the deeds under which he derived title; that his title covered the land sued for, to wit: lots Nos. 85, 86 and 87, as designated on the plat.
The deed under which defendant derives title purports to convey lots Nos. 88, 89, 90, 91, 92, as designated on a plat made by Alexander McRae, and also sets out that the land is bounded by Brunswick street, 4th and 5th streets, and the north boundary of the town of (417) Wilmington, as designated on the plat referred to. *Page 302 
There was evidence, which justified his Honor in submitting the question to the jury, "Is the plat referred to in the deed, under which the defendant derives title, the same plat as that referred to in the deed under which the plaintiff derives title?" The jury find the plats to be the same, so that matter is disposed of. Indeed, we are not able to see how the defendants could have located the deed, under which it derives title, otherwise than by the aid of this plat, as no other was offered in evidence, and without some plat the location of Brunswick street and 4th and 5th streets could not be made any more than the location of lots Nos. 88, 89, 90, 91, 92. So the defendant's deed could not be located, either by the one description or by the other, without the plat.
The case turns upon the point, does the deed of Campbell to London cover the land sued for. That depends upon the question, Which is to prevail, the description of the land by the number of the several lots, or the description by the reference to the streets? No direct authority was cited on either side, the solution consequently must be made by principle and general reasoning.
The terms of the deed are as follows:
Campbell, by this deed, sells and conveys to London "all those five several lots of land recently surveyed and platted by Alexander McRae, and filed in the Register's office of the county of New Hanover, and known in said plat as lots Nos. 88, 89, 90, 91 and 92, together with that portion of Hanover street intersecting between lots 89 and 90, the lots being bounded on the west by 4th street, on the east by 5th street, on the north by Brunswick street and on the south by the town of Wilmington, as laid down in said plat, and as will more fully appear by reference thereto."
By reference to the plat, it appears that the lots are bounded on (418) the west by 4th street and on the east by 5th street, but the lots are not bounded on the north by Brunswick street, or on the south by the town of Wilmington. For lots 93 and 94 intervene between lot 92 and Brunswick street on the north, and lots 85, 86 and 87 (the lots in dispute) intervene between lot 88 and the town of Wilmington. So there is a discrepancy in these two modes of description. Which controls?
It is settled, that when land is described by course and distance, and also by natural objects, and there is a discrepancy, the latter controls, the former is disregarded, and the description in regard to the course, or to the distance, or both course and distance, must give way, and you go to the natural object called for. This ruling is based upon the principle, that if there be two descriptions, and the two do not correspond, the *Page 303 
[EDITORS' NOTE: THE PLAT IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 67 N.C. 303.]
one in regard to which a mistake is less apt to be made controls the one in regard to which a mistake is more apt to occur. This principle decides *Page 304 
our question, which does not present a new case, but is merely a new application of a well settled principle of law.
For illustration: A deed conveys a lot, and describes it as lot No. 90, as designated in the plat of the town, which lot lies between third and fourth streets, as will more fully appear by reference to the plat. It is shown by the plat that No. 90 does not lie between third and fourth streets, but lies between fourth and fifth streets. Does the deed convey lot No. 90, or does it convey a lot lying between third and fourth streets? There can be no doubt that lot No. 90 is the lot conveyed, and that the description by reference to the streets will be disregarded. Upon what principle does this rest? It is the principle above referred to, as being settled.
The lots in a town are numbered, that is named, in order to identify the lots in case of a transfer, or for any other purpose. The streets in a town are numbered or named, in order to identify the streets, for the purpose of enabling persons to know the streets in passing or (419) repassing through the town. When therefore, the purpose is to sell a lot, and in order to identify it, the number or name of the lot is set out, and reference is also made to streets, the latter description must give way to the former. For the lot is the object, and not the street, and the description, in pursuance of the primary object for which the lot was numbered or named, is less apt to be erroneous, than the description by reference to the number or name of the street, as that is incidental, and is a secondary, and not the primary object for which the streets were named.
A good rule will work both ways. Information is asked by a man "for the street that leads to the bridge;" he is told "Brunswick street," — "pass up Fourth street until you get to the corner of lot No. 89, then you are at Brunswick street, turn down that street to the east and it will take you to the bridge." The man comes to the corner of lot No. 89, but he there finds Hanover street. Will he turn down that or go on, along Fourth street, until he comes to Brunswick street at the corner of lot No. 94? He will naturally go on to Brunswick street, for he sees there is a mistake, and he will infer there is more apt to have been a mistake in regard to the lot, which was secondary, than in regard to Brunswick street, which was the primary object, as the means of getting to the bridge. So when the object is the lot, you are governed by the name of the lot, and when the object is the street, you are governed by the name of the street.
Again, a deed conveys five lots, to-wit: Nos. 88, 89, 90, 91 and 92, as *Page 305 
designated on a plat, which lots lie between Third and Fourth streets, as will more fully appear by reference to said plat. It turns out, that the lots lie between Fifth and Fourth streets. Does the deed convey the five lots numbered 88, 89, 90, 91 and 92, lying between Fifth and Fourth streets, or does the deed convey the five corresponding lots on the other side of Fourth street and lying between Third and Fourth streets, but having other numbers or names. Beyond question it conveys lots, Nos. 88, 89, 90, 91 and 92, and the reference to the streets will be disregarded, according to the principle that the lots being the (420) object, there is less apt to be a mistake in regard to the names or number of the lots, than in regard to the streets, the reference to which was incidental and in fact unnecessary.
Our case is stronger than this. The deed by Campbell to London conveys, "all those five several lots of lands recently surveyed and platted by Alexander McRae, and filed in the Register's office, known in said plat as lots Nos. 88, 89, 90, 91 and 92, etc. So in regard to the lots which Campbell intended to convey, there is not apt to have been any mistake, that being the primary object in view. The deed then goes on to say, "The lots, being bounded on the west by Fourth street, on the east by Fifth street, on the north by Brunswick street, and on the south by the town of Wilmington as laid down in said plat, and as will more fully appear by reference thereto." The reference to Fourth street on the west, and Fifth street on the east, corresponds with the specific description of the five lots, but in regard to Brunswick street on the north, there is a discrepancy, for the lots Nos. 93 and 94 intervene, and the five lots specified are not bounded by Brunswick street on the north. So in regard to the town of Wilmington on the south there is a discrepancy, for the lots Nos. 87, 86 and 85 intervene, and the five lots specified are not bounded by the town of Wilmington on the south. It thus appears by reference to the plat, to which express reference is made, that there is manifestly a mistake in respect to the five lots being bounded either by Brunswick street or by the town of Wilmington. So this part of the description must be disregarded, and is controlled by the other more certain description; on the ground not only that there is more apt to be a mistake in reference to Brunswick street and the town of Wilmington, but that there is in fact a mistake in supposing that the five lots sold and conveyed are bounded by Brunswick street and the town of Wilmington.
In deed the suggestion, that instead of five lots, all of which are severally specified and the numbers set out, the deed should (421) be so construed as to convey ten lots, five of which are not specified *Page 306 
or set out by their respective numbers, although it appears, on the face of the plat, that all of the ten are consecutively mentioned on the plat, beginning at 85, adjoining the line of the town of Wilmington, and going up to 94, adjoining Brunswick street, and that this effect is to be produced by an incidental and unnecessary reference to Brunswick street and the town of Wilmington, in respect to which the mistake is made obvious by a mere glance at the plat, would seem to involve an absurdity. This absurdity will be avoided and the cause of the mistake explained, by supposing that the draftsman of the deed, in attempting to set out the fact, that the five lots Nos. 88, 89, 90, 91 and 92 are included in the bounds of Fourth and Fifth streets and Brunswick street, and the line of the town of Wilmington, which is the fact, made a mistake in the selection of words appropriate to set out the fact, and used the words "being bounded by," etc., (the usual formula in deeds) and so inadvertently set out that which is not the fact.
PER CURIAM. No Error.
Cited: Mizell v. Simmons, 79 N.C. 193; Hill v. Dalton, 140 N.C. 14.
(422)