*Case to stand for trial for alleged trespass on land not covered by the levy.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.

--------

ANGELINE F. ANDREWS *vs.* AUGUSTUS G. PEARSON.

Oxford. Decided August 6, 1875.

*Deed.*

A false description in one particular, where enough remains to make it reasonably certain what premises are intended, will not defeat a conveyance. *Thus,* where, in a conveyance of a homestead farm, one of the parcels of which it was composed was described as " twelve and a half acres out of lot numbered eight in the first range,"—*Held,* that the whole parcel passed, although it in fact contained twenty-five acres.

ON FACTS AGREED.

TRESPASS, *quare clausum fregit,* and for cutting grass in 1872 on a parcel of land to which both parties claimed title, under separate deeds from the same immediate grantor, one Freeman Allen. The description in the deed to the plaintiff, dated Sept. 18, 1871, is as follows :

" My homestead farm situate in said Buckfield with the build-

ings thereon, [lying, etc.] and described as follows : Three acres, more or less, out of the northwest corner of lot numbered nine in the second range in the western division ; also, the western half of lot numbered nine adjoining Paris line, containing fifty acres more or less ; also, the south half of lot numbered eight in the second range, west division ; and also, that part of lot numbered nine, in the first range, west division, lying north of Lane's Brook, and *twelve and a half acres adjoining the same out of lot numbered eight in the first range.*"

The defendant claims, under deed dated April 30, 1872, describing the premises as the " north-east corner of lot numbered eight, in the first range and west division of lots in said Buckfield, [etc.] containing twelve and one-half acres, more or less."

The land in dispute contains about twelve and a half acres, and is the northerly half of a parcel taken off the easterly end of lot No. 8, in the first range and west division of Buckfield, the parcel being about forty rods wide and extending the whole width of the lot, 100 rods, and containing about twenty-five acres. The defendant owns and has always lived on the remainder of lot No. 8. The said parcel adjoins the remainder of the Allen farm, and had all been inclosed and improved as part of it for tillage and grass land by said Allen and those under whom he claims for more than fifty years next preceding the conveyance to the plaintiff, claiming it as their own. The deeds to Allen and his grantors describe the parcel as containing twelve and one-half acres. Said parcel had always been considered and treated as part of the farm, and no question was made but that Allen intended to convey to the plaintiff the whole of the farm, including the land in dispute, supposing he owned it, when in fact he held no record title to it, unless by the deeds in the case. After the conveyance to the plaintiff it occurred to Allen that by the deed only half of the parcel would pass. Hence the conveyance to the defendant and this action.

*A Black*, for the plaintiff.

*S. C. Andrews*, for the defendant.

WALTON, J.    Freeman Allen was the owner of a farm of ancient

and well defined boundaries. He undertook to convey it to the plaintiff. He first described it as his " homestead farm." He then undertook to give a further description of it by naming the several parcels or portions of lots of which it was composed. One of them is described as " twelve and a half acres out of a lot numbered eight in the first range." This portion of the farm in fact contained twenty-five acres. The question is whether this mistake left half of this parcel unconveyed. We think not. We think it falls within the principle, "*falsa demonstratio non nocet*,"—a mere false description in one particular, where enough remains to make it reasonably certain what premises were intended to be conveyed, will not defeat the conveyance. No one can read the description in this deed and doubt that it was the intention of the parties that the whole farm should pass.

*Judgment for plaintiff.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.