CASE 74—PETITION EQUITY—OCTOBER 2.

## Allen v. Rinehardt.

APPEAL FROM LOUISVILLE CHANCERY COURT.

CONSTRUCTION OF DEED—DESCRIPTION OF PROPERTY.—Where there is both a general and a particular description of property conveyed, the particular description will, as a general rule, control; but if the particular description is to any extent obscure, the general description should be resorted to for the purpose of determining the premises granted; or if the premises are described by a well-known name, and then the boundary is particularly set out, but so as to include only a part of the premises embraced by the general description, the whole will pass.

Persons who had dedicated for public use a strip of ground called "Park Place" executed a writing agreeing that it might be diverted to a use different from that designed by them, and relinquishing all reversionary rights, but said strip of land referred to in the writing as "Park Place" was described as lying between certain streets, whereas only a part of the strip dedicated, and known as "Park Place," lies between the streets named.   *Held*—That as the writing shows that it was intended to apply to the entire strip of land dedicated, the particular description should not be allowed to limit the extent of the release.

JAMES S. PIRTLE FOR APPELLANT.

If there is repugnance between the general description and the particular·

Allen v. Rinehardt.

boundaries named in a deed, the former must yield to the latter. (Yoder v. Swope, 3 Bibb, 204; 30 Am. Dec., 735.)

WM. W. GRINSTEAD, RANDOLPH H. BLAIN for appellee.

1. In the construction of a deed or any written instrument, the object is to ascertain the intention of the parties as expressed in the whole instrument. (Hildreth v. Forest, 4 J. J. M., 219; Hunter's Adm'rs v. Miller's Ex'rs, 6 B. Mon., 612, 619.)

2. A map or plan referred to in a deed becomes part of the conveyance. (Cin. So. R. R. Co. v. Hogan, 7 Ken. Law Rep., 820; Kennebec Purchase v. Tiffany, 10 Am. Dec., 60; Birmingham v. Anderson, 48 Pa.. St., 60.)

   And in case of a discrepancy in the description the plan governs. (Alexander v. Lively, 5 Mon., 159; Erskine v. Moulton, 66 Me., 276.)

3. A clear and certain general description can not be controlled by a particular description. (Thompson v. Robertson, 9 B. M., 384; Barney v. Miller, 18 Iowa, 460; Ela v. Card, 9 Am. Dec., 46; Haley v. Amestoy, 44 Cal., 132; Rutherford v. Tracy, 48 Mo., 325; Nash v. R. R. Co., 67 N. C., 413.)

4. A description sufficiently clear can not be vitiated by the insertion of erroneous calls and other particulars. The erroneous part is mere false demonstration. (Wade v. Deray, 50 Cal., 376; Myer v. Ladd, 26 Ill., 415.)

5. In the particular case an examination of the whole instrument shows plainly an intention to relinquish all rights in the whole of Park Place; and Park Place being definitely located by reference to the plan, the further reference to the location of Park Place being mere surplusage, ought not to limit or restrict the grant.

CHIEF JUSTICE HOLT delivered the opinion of the court.

The appellant, P. T. Allen, complains of a judgment decreeing the specific execution of a contract for the sale of a lot in the city of Louisville.   His defense is, that the appellee, J. Rinehardt, is not the owner in fee-simple of about forty-two feet in depth of the front of the lot, and which binds on what is now Ormsby avenue.   This part of the street was formerly known as "Park Place," and consisted of a grass plot in the center, with a way for travel upon each side. The park extended from First street east to a point

beyond Brook street, stopping between it and Floyd street. It was dedicated to public use by the original owners, Bryant and Harris, who then sold lots bounding on Park Place. In time the appellee became the owner, by purchase from an intermediate holder, of one of these lots, Park Place being still in existence. The lot is on the north side of Ormsby avenue, and between Brook and Floyd streets. The lot-holders binding on Park Place concluded to close it, and have in lieu of it merely a street, to be called Ormsby avenue, with a width of sixty feet, its center line to be the same as the center line of Park Place. This left a strip of ground about forty-two feet in width upon each side between the line of Ormsby avenue and the old line of Park Place. It is the right of the appellee to the portion of the strip in front of his lot that is now questioned.

In order to make the change of streets, an enabling act was obtained from the Legislature, the provisions of which the city accepted. Prior to this Harris and Bryant executed a writing, consenting to the change and releasing any reversionary right, as the appellee claims, to the entire strip of land left from Park Place upon the north side of Ormsby street to the lot-owners, while the appellant contends that the release only embraced so much of the strip as lies between First and Brook streets; and as the lot in contest lies east of and beyond Brook street, that therefore the appellee has no title to the portion of this strip which he claims as a part of the lot, and as constituting the front of it.

The question turns upon the proper construction of

the writing executed by Bryant and Harris. It reads thus :

"Whereas, James M. Bryant and Theodore Harris heretofore laid out and dedicated for public use a certain strip of land, known and called 'Park Place,' in the city of Louisville, Kentucky, said strip of land lying in the center of a street running east and west between First and Brook streets ; and whereas, it is not now deemed advisable to improve the said street in accordance with the plan of said Park Place as laid out by said Bryant and Harris ; and whereas, the owners of the lots fronting on said Park Place are desirous of having the dedication thereof for public use annuled, so that the street in front of their lots can be improved on a more economical plan, and in the same manner as other streets in Louisville ; now, therefore, the said James M. Bryant and Roberta S. Bryant, his wife, and Theodore Harris and Mary J. Harris, his wife, hereby waive and relinquish any and all reversionary rights in and to the strip of land aforesaid if the same shall be diverted into a use different from that designed by them, and they hereby consent and agree that the said strip of land may be used for the purpose of a street on such conditions as may be agreed on between the city of Louisville and the owners of property fronting thereon ; and if it shall be agreed that a street shall be laid out embracing the whole or a part of the said strip of land, then so much of the land on the northern and southern sides of said strip as was heretofore laid out for a street, and as shall not be used for the purposes of a street, may become the property of and belong to the

respective owners of the lots fronting thereon, so that their respective lots shall be extended out to the line of any street that may hereafter be laid out and improved along and over the strip aforesaid, the said parties hereby waiving and relinquishing any and all reversionary rights in and to the streets dedicated by them in Park Place if the same shall be appropriated by the owners of lots fronting thereon under the condition herein prescribed.

"In witness whereof, the said parties hereunto set their hands this 31st day of May, 1886."

The appellant contends that inasmuch as this writing first recites that the parties to it had theretofore dedicated for public use "a certain strip of land known and called 'Park Place,' in the city of Louisville, Kentucky, *said strip of land lying in the center of a street running east and west, between First and Brook streets*," and then relinquishes "all reversionary rights in and to *the strip of land aforesaid*," and to so much of the land on the northern and southern sides of "*said strip*" as had been theretofore laid out for a street, but may not be used for the new one, that the release as to adjoining lot-owners is limited to any land not used for Ormsby avenue, lying between First and Brook streets, and does not embrace the portion of the strip fronting appellee's lot, because it lies east of and beyond Brook street. In other words, the appellee asserts that the release operated as to the whole of Park Place, while the appellant contends that it did so as to but a part of it. It is urged that where there is both a general and a particular description of property conveyed,

that the latter must control, and that while the re-
lease speaks generally of "Park Place," yet it is par-
ticularly described as being between First and Brook
streets.   While this may generally be a proper rule
for guidance upon the idea that parties have paid
greater attention to the particular description, and
that it is the more apt, therefore, to conform to their
intention, yet it is not to be universally applied.   If
the particular description is to any extent obscure,
the general one should be resorted to for the purpose
of determining the premises granted ; or if they are
described by a well-known name, and then the boun-
dary is particularly set out, but erroneously in part,
the whole will pass.   Thus, if a certain well-known city
lot be granted by giving its number and the number
of the block, or by describing it definitely otherwise,
but in a general way, and then the metes and bounds
be so given as not to include all of it, yet the entire
lot would pass, because it would be manifest the par-
ties so intended ; and the object of all rules of con-
struction is to arrive at the intention of the parties,
and it should not be frustrated by a mistake in set-
ting out the specific boundary. (Rutherford v. Tracy,
48 Mo., 325; Nash v. Railroad Company, 67 N. C.,
413; Jackson v. Marsh, 6 Cowen, 281.)

It is unreasonable to suppose, as the parties to this
instrument had originally sold the lots binding upon
Park Place, east as well as west of Brook street, that
they would have limited the release of any rever-
sionary right to a part of them.   The circumstances
attending the entire transaction, as well as the pur-
pose in view in executing the release, forbid such an

interpretation of the writing; and its words, when the intention of the makers is apparent, must, if possible, be construed so as to give effect to it. Moreover, if the construction contended for by the appellant be the correct one, then the release operated as to no part of Park Place east of and beyond Brook street, whether used for Ormsby avenue or left in the shape of strips adjoining it, and certainly it was understood and intended that the avenue was to be opened entirely through Park Place.

Here the instrument speaks of "Park Place;" it refers to the plan of it, and it, therefore, became a part of the writing. The answer of the appellant describes this plan, and fixes Park Place as beginning at First street and extending not merely to Brook street, but to a point beyond there, and the further particular description in the writing should be regarded not as one of Park Place itself, but as merely referring to its location; or, if not, and there be a discrepancy in the description, then the plan must control. The object of the release was Park Place, and not a part of it. The parties evidently intended to relinquish all interest in the whole of it, wherever it might be, and its extent is definitely shown. The reference, therefore, in the form of particular description, to its location should not be allowed to limit the extent of the release.

Judgment affirmed.