# CHARLESTON.

### G. W. BLAKE *v.* D. F. HEDRICK.

Submitted October 23, 1923. Decided October 30, 1923.

1. DEEDS—*Deed Regular, Except no Parties Named in Granting Clause, Held Sufficient.*

    Where in the premises of a deed the parties are distinguished as parties of the first part and parties of the second part, and the parties of the first part covenant with the parties of the second part that they have the right to convey the land described in the instrument and warrant generally the property thereby conveyed, but in the granting clause no parties are named, the deed is sufficient to pass title to the property so described. (p. 763).

2. SAME—*Effect Must be Given to Plain Intent of Parties, Ascertained from Consideration of Whole Instrument.*

    In construing a deed effect must always be given to the plain intent of the parties, when such intent can be ascertained from a consideration of the whole instrument and is not repugnant to any rule of law. (p. 764).

3.  SAME—*Not Essential That Grantor or Grantee be Formally Named in Granting Clause, if Sufficiently Designated by Whole Instrument.*

It is not essential that the grantor or grantee be formally named in the granting clause of a deed, if by taking the whole instrument together, they be sufficiently designated or described as to distinguish them from the rest of the world, and there is no uncertainty as to the identity of either party. (p. 765).

4.  SAME—*Conduct of Parties Entitled to Great Weight in Construing Ambiguous Deed.*

Where there is any ambiguity in the terms of a deed, the construction placed thereon by the subsequent conduct of the parties is entitled to great weight. (p. 765).

Appeal from Circuit Court, Greenbrier County.

Suit by G. W. Blake against D. F. Hedrick. From a decree for plaintiff, defendant appeals.

*Reversed and remanded.*

*Mark L. Jarrett,* for appellant.
*Chas. S. Dice,* for appellee.

MILLER, PRESIDENT:

The object of this suit was to have canceled a certain contract or memorandum for the purchase of real property signed by plaintiff, to enjoin defendant from the collection of a judgment at law for a part of the purchase money therefor and the recovery of the deferred payments not yet due, and to recover from defendant the sum already paid on the contract. On the bill, answer and depositions taken and filed in the cause, the lower court decreed plaintiff the relief prayed for.

Defendant sold at auction a tract of land containing 73 acres and 26 poles; plaintiff was the highest bidder, and the land was knocked down to him at the price of $50.00 per acre. He executed and signed a contract, certifying that he had that day purchased the land and agreeing to pay the sum of $50.00 per acre, on the terms announced at the sale, which was one-third cash and the remainder in one, two and three years. Plaintiff paid defendant $500.00 on the day of sale; and the judgment sought to have enjoined was for the balance

of the cash payment named in the terms of sale. Later
plaintiff by writing. demanded that defendant return to him
the cash payment made and attempted to rescind his con-
tract for the purchase of the land, on the ground that de-
fendant had not complied with his part of the contract.

Plaintiff's main ground for refusal to take the land is that
defendant did not have good title to the property. Several
grounds are pleaded and relied on, but each of them depends
on the alleged defect in defendant's title; and if the title was
good, they become immaterial.

Defendant's title was derived by deed from Julia E. Bright,
which, omitting only the description of the land conveyed, is
as follows:

"Wm. Mc. Bright, ,et ux.
  to
D. F. Hedrick, et ux.  .
  "This deed made the 7th day of October, 1907, be-
tween W. Mc. Bright and Julia E. Bright, his wife, of
Greenbrier County and State of West Va. of the first
part and D. F. Hedrick and A. C. Hedrick, his wife, of
the same county and state of the second part.
  "Witnesseth, that in consideration of the sum of
ten dollars and other valuable consideration do grant
unto the said the following described real estate * * *
  "And the said parties of the first part covenant to
and with the said parties of the second part that they
have the right to convey the said land to the grantee,
and that they will warrant generally the property
hereby conveyed."

The defect pointed out and relied on by plaintiff is that
neither the names of the grantors nor those of the grantees
are found in the granting clause of the deed, and that, there-
fore, it is an absolute nullity. Within a few days after its
execution and delivery the deed was duly recorded; and de-
fendant entered upon the property and continued in pos-
session thereof until the sale to plaintiff, a period of over
fourteen years, without any adverse claim thereto on the
part of the Brights or any other person.

In support of his contention that every deed must name
a grantor and a grantee, plaintiff cites our case of *Lafferty* v.

*Lafferty,* 42 W. Va. 783. In that case one of the parties sign-
ing and acknowledging the deed was not mentioned in the
deed itself, and it was held that the deed did not convey his
interest in the property. In the case of *Allen* v. *Withrow,*
110 U. S. 119 cited, it was held that a deed in blank in which
the name of the grantee was not inserted by the party author-
ized to fill it in, before the deed was delivered, passed no in-
terest. In *Bank et al.* v. *Rice,* 4 How. (U. S.) 225, also cited,
the names of the wives of two of the grantors, while signed
to the deed, were not incorporated in the instrument, and the
wives being the owners in fee of the land, it was held that
the deed conveyed the marital interest of the husbands
therein, but nothing more.

The rule laid down in our cases, applicable to this case, is
that in construing a deed effect must always be given to the
plain intent of the parties, when such intent can be ascer-
tained from the instrument taken as a whole and is not
repugnant to any rule of law. *Roberts* v. *Gas Company,* 89
W. Va. 384; *Irvin* v. *Stover,* 67 W. Va. 356; *Waldron* v. *Coal
Company,* 61 W. Va. 280; *Uhl* v. *Railroad Company,* 51 W.
Va. 106; 4 Enc. Dig. Va. & W. Va. Rep. 419, 420. See also,
2 Devlin on Deeds, §§836, 836a. What other intent can we
gather from the deed in question than that the parties named
therein as parties of the first part intended to convey to the
persons named as parties of the second part the land de-
scribed? There can be no question that Bright and wife
are the grantors. They are named in the instrument as the
parties of the first part; they signed, sealed and acknowledged
the same, and delivered it to the Hedricks. As recorded the
deed imports that it was a conveyance from "Wm. Mc.
Bright, et ux. to D. F. Hedrick et ux." This fact is signifi-
cant. The deed further recites that "the said parties of the
first part covenant to and with the said parties of the second
part that they have the right to convey the said land to the
grantees." Is this not conclusive of the intent of those
named as parties of the first part to convey to those named as
parties of the second part the land described, and that the
second parties named are the grantees, when read in connec-
tion with the remainder of the instrument? And we must

consider the whole of the writing together in arriving at the intent of the parties thereto. *Uhl* v. *Railroad Company, supra; McDougal* v. *Musgrave,* 46 W. Va. 509; *Hurst* v. *Hurst,* 7 W. Va. 289.

Are the Hedricks sufficiently designated as the grantees in the deed? They are named as the parties of the second part. The grantors covenanted with them that they had the right to convey the land described. "It is not essential that the grantee should be formally named in the granting part of the deed. It is only necessary that, taking the whole instrument together, there is no uncertainty as to the grantee." 1 Jones on Real Property, §224; *Weekly* v. *Weekly,* 75 W. Va. 280; *Roberts* v. *Gas Company, supra; Amer. Emigrant Co.* v. *Clark,* 62 Iowa, 182; *Newton* v. *McKay,* 29 Mich. 1; 1 Devlin on Deeds, §184. The latter authority says: "The fact that a grantee is not described by name will not affect the validity of a deed, if the designation or description be sufficient to distinguish the person intended from the rest of the world." Though no names follow the granting words in the deed, the Hedricks are named as parties of the second part in a former clause. While unskilfully drawn, the deed was intended to convey the land to some one. By being named as parties of the second part, the Hedricks are distinguished from the rest of the world. No other person or persons are named. No one else could be intended as grantee. In the case of *Newton* v. *McKay, supra,* the grantee in the deed there involved was designated as party of the second part by the recital in the premises, but was not mentioned in the granting clause, nor in any other part of the deed, and it was held that the grantee was sufficiently pointed out and identified by being named as party of the second part. In the opinion in that case the court said: "If the instrument shows who he (the grantee) is, if it designates him, and so identifies him that there can be no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the common or best form, or in the usual or most appropriate position in the instrument."

Defendant has been in possession of the land in question for more than fourteen years, holding it under the deed from

the Brights. Mrs. Bright died some years ago; and before the institution of this suit defendant secured from all of her heirs at law with the exception of the widower Wm. Mc. Bright, who at the time was mentally incapacitated to contract, a quitclaim deed for the land in question. Thus it appears that at no time have any of the parties in interest, or those who might have claimed title to the land had the deed in question been invalid, asserted any adverse claim; but on the contrary defendant has had quiet and peaceable possession of the land since the year 1907. Where there is any ambiguity in the terms of a written instrument, the construction placed thereon by the parties is entitled to great weight; and the same rule applies to deeds. *List* v. *Cotts,* 4 W. Va. 543; *King* v. *King,* 80 W. Va. 371; *King* v. *N. & W. Ry. Co.,* 99 Va. 625.

For the foregoing reasons we are of opinion to reverse the decree below, and remand the cause to the circuit court for further proceedings.

*Decree reversed; cause remanded.*