W. B. SWOPE *et al.*

*v.*

PAGETON POCAHONTAS COAL COMPANY·

(No. 9887)

Submitted January 28, 1947. Decided March 11, 1947.

*Strother, Christie* and *Harman,* for plaintiffs in error.

*Crockett & Tutwiler,* for defendant in error.

LOVINS, JUDGE:

This action of assumpsit was instituted in the Circuit Court of McDowell County, West Virginia, by W. B. Swope, Virginia Swope, Earl B. Eads, and Hazel Eads against Pageton Pocahontas Coal Company. By stipulation the case was submitted to the court on written avowals of the parties. Upon consideration of the avowals the trial court found for the defendant, entered a judgment of *nil capiat,* and on petition of plaintiffs a writ of error to that judgment was granted by this Court.

The record herein discloses no reason for joinder of Virginia Swope and Hazel Eads as parties plaintiff, W. B. Swope and Earl B. Eads being the only interested parties, from plaintiffs' standpoint, in the transactions giving rise to this litigation.

In the year 1942 plaintiffs negotiated with defendant for the purchase of certain coal in place, land, coal tipples, coal bins, and personal property consisting of mining equipment. Letters from Swope carrying on the negotiations indicate that he intended to purchase all the coal owned by defendant underlying certain lands, as well as other real and personal property which is not involved in this litigation. The negotiations finally resulted in defendant writing a letter, dated September 21, 1942, to Swope making an offer to sell the property, which, after acknowledging receipt of a prior letter from Swope, reads in part as follows: "Pageton Pocahontas Coal Company agrees and will sell to you all of the remaining coal located in its property in Adkin District, McDowell County, West Virginia; the present coal tipple and bins and land upon which the tipple and incline are situated, together with the following list of equipment now located on our property at O'Toole, West Virginia, for the sum of $10,000.00." The letter further provided

that it Swope accepted the offer that he could so indicate by signing a copy thereof and returning same to the president of the defendant company. Swope accepted the offer in accordance with its terms.

By deed dated September 30, 1942, defendant conveyed to Swope and Eads, *inter alia,* certain real estate described as follows: "All the remaining coal in, on and underlying all of its real estate in Adkin District, McDowell County, West Virginia, which said real estate is more particularly described by metes and bounds in a certain deed from Julia O'Toole Wyland and R. A. Wyland, her husband, dated September 15, 1938, and recorded in McDowell County Court Clerk's Office in Deed Book 142, page 366, the said real estate, in, on and underlying which is the coal hereby conveyed, is described in said deed in separate parcels as 'Second', 'Third', 'Fourth', 'Fifth', 'Sixth', 'Seventh', 'Tenth', 'Eleventh', 'Twelfth' and 'Thirteenth' ".

Plaintiffs, by deed dated July 12, 1943, conveyed to Manual Giampocaro, along with other property, the same coal, describing it in the language following: "All the remaining coal, in, on and underlying all of the real estate of Pageton Pocahontas Coal Company in Adkin District, McDowell County, West Virginia, which was conveyed unto the said E. B. Eads and W. B. Swope by the said Pageton Pocahontas Coal Company, a corporation, by deed bearing date the 30th day of September, 1942, and of record in the office of the Clerk of the County Court of McDowell County, West Virginia, in Deed Book 155, page 120." Giampocaro conveyed the coal to the Sherrodsville Mining Company, by deed dated November 21, 1944, describing the parcels of land listed in the deed from defendant to plaintiffs metes and bounds, evidently obtaining the descriptions thereof from the deed of Julia O'Toole Wyland et al. to Pageton Pocahontas Coal Company. At the time of the conveyance to Sherrodsville Mining Company it was ascertained that the coal underlying four tracts of land situate in Adkin District, McDowell County, West Virginia, which had

belonged to defendant, at the time of the agreement between it and plaintiffs had not been specifically mentioned in the deed from defendant to plaintiffs. This fact was ascertained by reference to parcel numbers and metes and bounds contained in the Wyland deed by which defendant acquired its title. The remaining coal in these four tracts of land is estimated to be at least one hundred thousand tons with a market value in excess of thirty-five hundred dollars.

The Sherrodsville Mining Company, desiring to mine the coal from said four tracts of land, as well as from the tracts specifically described in its deed from Giampocaro, requested defendant to execute a quitclaim deed for the coal in said four tracts. Defendant refused to execute such deed, giving as its reason that the said four tracts of land were not conveyed to Swope and Eads by the deed of September 30, 1942. Defendant at that time offered to sell the coal in the four tracts of land and certain other coal, surface and surface rights to Sherrodsville Mining Company for the sum of thirty-five hundred dollars, which offer was finally accepted and the properties, including the coal in the four tracts of land, were conveyed to Sherrodsville Mining Company by deed bearing date May 3, 1945.

Being informed of the conveyance to Sherrodsville Mining Company, plaintiffs instituted this action in assumpsit, filed a declaration consisting of the consolidated common counts, together with a bill of particulars. The bill of particulars set forth that Pageton Pocahontas Coal Company had received thirty-five hundred dollars from Sherrodsville Mining Company for the coal in, on and underlying the four tracts of land situate in Adkin District, McDowell County, West Virginia, which was the property of the plaintiffs. Plaintiffs base their action on the proposition that the contract of sale under date of September 21, 1942, passed the equitable title to the coal in, on and underlying the four tracts of land to them, and that the legal title thereto was not conveyed by the deed executed by defendant on September 30,

1942. They contend that the purchase money received by defendant from Sherrodsville Mining Company actually belongs to plaintiff and is held by defendant for their use. Defendant pleaded non-assumpsit.

It is discernible from the foregoing statement that plaintiffs have waived the tort, if any, committed by defendant, and seek recovery on the basis of an implied promise. A tort cannot be waived and recovery sought on an implied promise if the tort resulted in no benefit to the estate of the wrongdoer. But if benefit is derived by the tort-feasor from the wrong, assumpsit will lie and a recovery may be had on a promise implied by law. *Walker* v. *Railway Co.*, 67 W. Va. 273, 67 S. E. 722. The following language clearly draws the distinction: " ' * * * if it is a sort of injury by which the offender acquires no gain to himself at the expense of the sufferer, as beating or imprisoning a man, &c., there the person injured has only a reparation for the *delictum* in damages, to be assessed by a jury. But where, besides the crime, property is acquired, which benefits the testator, there an action for the value of the propetry shall survive against the executor. As, for instance, the executor shall not be chargeable for the injury done by his testator, in cutting down another man's trees, but for the benefit arising to his testator, for the value or sale of the trees, he shall.' " *Wilson* v. *Shrader*, 73 W. Va. 105, 113, 79 S. E. 1083. See *Sand Company* v. *Smith*, 76 W. Va. 246, 85 S. E. 516; *National Bank* v. *Bailey*, 97 W. Va. 19, 125 S. E. 357; *Raven Red Ash Coal Co.* v. *Ball*, 185 Va. 534, 39 S. E. 2d 231. It follows that an action of assumpsit lies under plaintiffs' theory of this case.

The issues presented by the pleadings and proof present the following questions: (1) was the contract of sale between plaintiffs and defendant sufficient to vest in the plaintiffs the equitable title to the coal underlying the four tracts of land; and (2) did the deed from defendant to plaintiffs, dated September 30, 1942, convey the legal title to said coal?

The contract, as shown by the letter of September 21, 1942, with the acceptance indorsed thereon, bound the defendant to convey to Swope and Eads all of the coal underlying all of the land owned by defendant in Adkin District, McDowell County, West Virginia. No other effect can be given to the agreement, and defendant was bound in equity and good conscience to convey said coal to plaintiffs. The agreement was sufficient to vest in Swope and Eads an equitable title to all the coal described in said agreement. 27 R. C. L., Vendor and Purchaser, Section 178; 6 Pomeroy's Equity Jurisprudence, Section 838.

The remaining question is the principal, if not controlling one, and calls for construction of the deed of conveyance from defendant to plaintiffs. Plaintiffs say that the deed did not convey the remaining coal from the four tracts of land, to which they took the equitable title. Plaintiffs call attention to the rule that a particular description prevails over a general one and limits the application of the latter, citing *Oil Co.* v. *Knox,* 68 W. Va. 362, 69 S. E. 1020.

But a repugnance between general and specific descriptions will be resolved in accordance with the real intent of the parties to a deed to be gathered from the whole description. 2 Devlin on Real Estate 3rd ed., Section 1039. If there is ambiguity in a deed, or where two constructions are admissible, the one most favorable to the grantee is adopted. *Paxton* v. *Oil Co.,* 80 W. Va. 187, 94 S. E. 472.

Effect must always be given to the plain intent of the parties, if such intention can be ascertained from considering the whole instrument and is not contrary to law. *Blake* v. *Hedrick,* 94 W. Va. 761, 120 S. E. 906. See *Waldron* v. *Coal Company,* 61 W. Va. 280, 56 S. E. 492. "The purpose and object of the parties to a deed or other contract, as shown by the instrument itself, read as a whole, at the time of its execution, in the light of the subject matter, the situation of the parties and the circumstances

surrounding them, constitute the safest and best guide to their intention." *White* v. *Bailey,* 65 W. Va. 573, 64 S. E. 1019.

All rules of construction of a deed are merely means of ascertaining the intention of the parties. The rule of construction giving effect to a specific description in preference to a general one is applied only when either the specific or general description may apply without doing violence to the manifest intent of the parties. *Mylius* v. *Lumber Company,* 69 W. Va. 346, 361, 71 S. E. 404. See Code, 36-3-4. "If the language of a deed clearly indicates that it is the intention of the parties that all the property identified therein by general description is to be conveyed by the deed, and there is also a particular description which does not embrace all of the property of said general description, the particular description must yield to the general, and title to the whole will pass." *Coal & Coke Co.* v. *Cecil,* 109 W. Va. 608, 155 S. E. 899.

We think that the doctrine enunciated in the case of *Coal & Coke Co.* v. *Cecil, supra,* is applicable to this case. Defendant's intention, as disclosed by its deed, was to convey all of the coal owned by it in Adkin District, McDowell County, West Virginia, including the four tracts of coal here in question. The circumstances surrounding the execution of said deed buttress this conclusion. Therefore, the title to the coal under the four tracts of land above mentioned passed to paintiffs by the deed of September 30, 1942, and thereafter plaintiffs by their deed conveyed said coal to Giampocaro. Plaintiffs having parted with their legal and equitable title to the subject matter of this litigation have no cause of action against defendant.

For the reasons stated the judgment of the Circuit Court of McDowell County is affirmed.

*Affirmed.*