FELIX VANDETTA *and* AGNES VANDETTA

*v.*

JAMES YANERO, GARY YANERO *and* PAUL YANERO

(No. 13349)

Submitted October 2, 1973.    Decided December 4, 1973.

*James A. Esposito, Franklin D. Cleckley* for appellants.

*Ross Maruka* for appellees.

NEELY, JUSTICE:

This is an appeal from a final order of the Circuit Court of Marion County, West Virginia, adjudicating a boundary dispute between neighbors on land bordering State Route 19, formerly known as the Fairmont-Weston Turnpike. The Vandettas, plaintiffs below and appellants here, contend that as a result of platting the metes and bounds described in three pertinent deeds of conveyance they own a narrow strip of land in undetermined width which would, if their ownership were established, preclude egress or ingress from State Route 19 to the residential property of the Yaneros, appellees here and defendants below.

The first deed of conveyance, dated 1899, conveyed a tract currently owned by both the parties in this case. The 1899 deed conveyed a tract of land which was described in general terms in the following language:

"... a certain parcel of land... *lying on the North West side of the Fairmont and Clarksburg pike* ... bounded as follows: Beginning at a mile post gone. . . . " [Emphasis supplied.]

From the 1899 tract the Yaneros' predecessor in title received an out conveyance in 1927 described as follows:

"... A certain parcel of land . . . *lying on the Northwest side of the old Fairmont and Clarksburg Pike.* . . bounded as follows: Beginning at an Iron Pin on the Westerly side of the old county road. . . ." [Emphasis supplied.]

Finally, in 1931, the plaintiffs' predecessor in title received from the tract conveyed in 1899 all of the remaining land except that which had previously been conveyed to the Yaneros' predecessor in title in 1927.

After voluminous, confusing testimony by three surveyors, the circuit court, on motion of the plaintiffs,

appointed Robert S. Watson, a professional engineer, to make an independent survey report. Watson discovered both minor and major inaccuracies in the metes, bounds and calls within the 1899 and the 1927 deeds of conveyance. For example, the 1899 deed contained a closure error of 1:106 feet, the 1927 deed lacked a call for a fifth side without which the closure error would be 1:10.7 feet, while the standard rural property closure error is 1:2000 feet. In addition all of the measurements were made in slope feet rather than horizontal feet, which made accurate ground measurement of the property exceedingly difficult, and finally, due to the magnetic field movements, the calls, determined between thirty and seventy years ago, were no longer accurate. Mr. Watson thereupon devised a reformed plat of the two adjacent properties based upon common boundaries with other properties, some of the descriptive language within the various deeds, a natural monument, and the location of the various improvements on the properties such as fences and residential buildings. The plat shows that the Vandettas do not own, as they claim, a strip of land between the Yaneros' property and State Route 19.

Under the appointed surveyor's report and the inaccuracies in the several deeds of conveyance, the circuit court determined that the deeds were fit subjects for reformation. This action of the circuit court finds precedent in *Napier v. Coal Co.*, 97 W.Va. 247, 124 S.E. 915 (1924) which held:

> "Where a deed or other writing purporting to transfer title to real estate, applied to the subject-matter, shows a manifest omission in the description, and there is sufficient data furnished by the instrument to supply the omission, it may be supplied by construction."

Within the deeds of conveyance there exist "sufficient data" in the form of the general description of the land which lies "on the North West side of the Fairmont and Clarksburg Pike. . . ." to compel the conclusion that the grantor in the 1927 deed intended to grant a parcel

of land which would be contiguous to the Fairmont and Clarksburg right-of-way. This procedure for construction of deeds, in turn, finds ample precedent in *United States Coal & Coke Co. v. S.W. Cecil,* 109 W.Va. 608, 155 S.E. 899 (1930) which held:

> "If the language of a deed clearly indicates that it is the intention of the parties that all the property identified therein by general description is to be conveyed by the deed, and there is also a particular description which does not embrace all of the property of said general description, the particular description must yield to the general, and title to the whole will pass."

After reviewing the appointed surveyor's report and all the other evidence in this case, the circuit court adopted the reformed plat of the appointed surveyor. In its opinion the circuit court said:

> "It is fundamental, and needs no supporting citations, that in questions of this nature, the matter of monuments is paramount. And the matter of metes and bounds and distances are secondary.

> "From the depositions filed and the maps filed in connection therewith, the Court finds as a fact that the Eastern boundary line of the defendants' property and the Western boundary line of Route 19, directly opposite the defendants' property, is one and the same line, and that there is no property owned by the plaintiffs or anyone else between the defendants' property and the Western right of way of Route 19."

From the opinion's language and from the appointed surveyor's report it is clear that first the surveyor and then the circuit court were correct in the reformation of the property lines. This Court held in *Matheny v. Allen,* 63 W.Va. 443, 60 S.E. 407 (1908):

> "It is a general rule that, in locating boundaries of land, resort is to be had first to natural landmarks, next to artificial monuments, then to adjacent boundaries, and last to courses and distances."

In the reformation, this general rule was followed.

Mr. Watson mentioned in his report that the right-of-way of the old Fairmont-Weston Turnpike was 60 feet wide, based on an 1817 Act of the Virginia General Assembly, and appellant erroneously concluded that the circuit court resolved the case on the basis of the alleged 60 foot right-of-way of the road now known as Route 19.

A full reading of the record and the opinion of the circuit court indicates that no determination was made concerning the width of the right-of-way for Route 19, but rather that the lower court only concluded that the eastern boundary of defendants' property was the right-of-way of Route 19, and therefore the plaintiffs owned no property between defendants' land and the State road. It would have been impossible for the trial court to determine the true width of the State's right-of-way, as no witness from the Department of Highways was called, and the court had no way of determining how much land the State claimed for a right-of-way and under what authority.

On the questions of law, we hold that the circuit court was plainly correct. On the questions of fact, we hold that the circuit court's findings are not clearly wrong. "Findings of fact made by a trial court may not be set aside by this Court on appeal unless clearly wrong." Syllabus pt. 2, *Lewis v. Dils Motor Co.*, 148 W.Va. 515, 135 S.E.2d 597 (1964).

Accordingly the judgment of the Circuit Court of Marion County is affirmed.

*Affirmed.*