JAMES O. SUTTON v. JOHN R. PHILLIPS.

*Qui Tam Action—Appeal—Practice—Weights and Measures.*

1. In case of a discrepancy between the case on appeal and the record, the latter will govern; but where the verdict set out in the record is susceptible of different meanings and an admission of counsel set out on the case or on the argument is not contradictory but explanatory of the true meaning of the verdict, the latter will be allowed to govern.

2. The Statute (Section 3841 of *The Code*) does not make one liable to the penalty therein imposed until after his refusal to allow the standard keeper to seal and stamp the weights.

PETITION to rehear the case between the same parties decided at February Term, 1895, of this Court, and reported in 116 North Carolina Reports, page 502. The petition was as follows:

"*To the Honorable, the Supreme Court of North Carolina:*

"The petition of John R. Phillips, the defendant herein,

respectfully submits that there is error in the judgment and opinion of the court rendered in this action at February Term, 1895, in the following particular:

"The court holds that the defendant's construction of the statute (*Code*, Sec. 3842) is correct, and that no penalty is incurred until the standard-keeper has visited the owner of the weights and measures and demanded to try them by the standard, which the owner has refused to permit and allow, but that the finding of the jury in this case conclusively settled the fact that such demand had been made and refused. It is submitted, with great respect, that this latter ruling is erroneous, for the following reason:

"1. The finding of the jury is in these words: 'Did the defendant sell meat to the plaintiff on the -- day of April, 1893, and on the -- day of May, 1893, and on the -- day of June, 1893, by weights that had not been adjusted by the Standard-keeper as required by the statute? Answer: Yes.'

"The defendant moved that 'judgment be rendered against the plaintiff for cost, and the action be dismissed as to the defendant—the defendant contending that the amendment of Section 3841 by the Acts of 1893, chapter 100, repealed the penalty in Section 3842, except in case he was called on by the Standard-keeper, and refused to allow and permit him to adjust the scales. It is admitted the defendant had not been called on by the Standard-keeper for that purpose.'

"It appears by the case stated that this admission was made in the midst of the motion for judgment, as appears by the foregoing and by the subsequent statement in the said case. It is submitted that this special fact modifies and controls the general language used in the issue.

"2. That if this be not true, and the admission is deemed repugnant to the finding, no judgment should be rendered against defendant, but a new trial ordered.

"Your petitioner has secured the judgment complained of.

"Wherefore, he prays that the cause may be reheard, and for such other relief as may be just, and that the collection of said judgment may be restrained until this petition is disposed of."

*Messrs. R. O. Burton* and *B. M. Gatling*, for petitioner.
*Mr. N. J. Rouse, contra.*

CLARK, J. : Petition to rehear this case, reported in 116 N. C., 502. The rehearing is restricted to the following point, which is stated on page 510 : "The jury find in response to the first issue that the defendant sold meat to the plaintiff by 'weights which had not been examined and adjusted by the standard keeper *as required by the statute.*' These words 'as required by the statute' in the verdict have the same reference to the amended Section 3841 as the word 'aforesaid' in the statute, and can only mean that the defendant, not having complied 'as required' with the duty of 'allowing and permitting' his weights and measures to be sealed and stamped, did sell meat by them." In the case settled on appeal for this Court signed by counsel the following appears : "It was admitted when motion was made for judgment that the defendant had not been called on by the standard-keeper for the purpose of sealing and stamping his weights and measures."

It is settled by numerous cases that if there is a discrepancy between the case on appeal and the record, the latter governs. *State* v. *Keeter*, 80 N. C., 472; *Adrian* v. *Shaw*, 84, N. C., 832, and other cases cited in Clark's *Code* (2nd. Ed.) p. 579. If, therefore, the verdict had found explicitly any fact, and in the case on appeal (whether signed by counsel or settled by the Judge) an admission to the contrary of the verdict were set out as having been

made during the trial, the record of the verdict would govern. But here the verdict is susceptible of different meanings and the admission set out as having been made by plaintiff or his counsel on the argument for the motion for a new trial, is not contradictory to the verdict, but explanatory of the true meaning thereof, and was in open court, with the evidence fresh in mind. On the rehearing here, counsel for plaintiff did not contest the correctness of this view of the verdict and of his having made the admission thereof.

This rehearing does not call in question so much of the former opinion as passed upon the constitutional question involved, which, besides, was cited and approved in *Burwell* v. *Hughes*, 116 N. C., 430, 437.

                                                    Petition Allowed.