CULLEN & NEWMAN v. ABSHER & CHURCH.

*Constable—Notice of Depositions, Service of, by Constable.*

1. Service of notices under Section 597 of *The Code*, must be made by an officer authorized generally and by virtue of his office to serve process of the court having jurisdiction of the action in which the notice is given.

2. A notice of deposition signed by a party to the action is not process.

3. A town constable cannot serve a notice to take depositions in an action pending in the superior court.

ACTION, tried before *Norwood, J*, and a jury, at Spring Term, 1896, on appeal from a judgment of a justice of the peace.

Plaintiffs offered to read in evidence a deposition of C. S. Newman, one of the plaintiffs, in proof of their claims, when the defendants' counsel objected to the reading of the said deposition before the jury for the reason that after said cause was docketed in the superior court for trial the plaintiffs obtained from the clerk of the superior court a commission to take depositions, and that the notice issued by the plaintiffs' attorneys to the defendant of the time and place of taking deposition was served by a town constable instead of by a sheriff, which objection was taken before the clerk at the opening of said deposition. His Honor overruled the objection of defendants, and defendants excepted. Said deposition was read as evidence. There was a verdict for the plaintiffs. Defendant moved for new trial on the ground that the court erred in allowing the deposition to be read in evidence. Motion overruled ; defendants excepted. Judgment for the plaintiffs and appeal by defendants.

CULLEN *v.* ABSHER.

*Mr. W. W. Barber*, for defendants (appellants).
No counsel *contra*.

MONTGOMERY, J.: The motion to take the deposition was served upon the defendant by a town constable. At the proper time objection was made to the reading of the deposition. Such service was not valid. Service of notices, as required by Section 597 of *The Code*, must be made by an officer who is authorized generally and by virtue of his office to serve process of the court which has jurisdiction of the action in which the notice was given. A town constable has no such authority. He can serve *process* issuing from the superior court, and in that case only when it is directed to him. *Forte* v. *Boon*, 114 N. C., 176; *Davis* v. *Sanderlin*, at this Term.

The paper which he undertook to serve was not process of the court. It was only a notice signed by the plaintiff. The deposition ought to have been read as evidence in the case.

New Trial.