BALTIMORE BUILDING AND LOAN ASSOCIATION v. W. L. BETHEL.

*Action to Recover Land—Deed—Description.*

Where, to the description of a lot, by metes and bounds, in a deed, were added the words: "This lot is known as Lot No. 13, * * * and upon this lot the Hotel Bethel stands," and it appeared that the hotel building extended over the line and covered a part of Lot No. 12; *Held*, that no part of Lot *No. 12* passed by the deed, the hotel being mentioned only as a further means of locating Lot No. 13.

ACTION to recover land, tried before *Hoke*, *J.*, and a jury, at January, 1897, Special Term of FORSYTH Superior Court. Upon an intimation from his Honor that plaintiff could not recover such part of Lot No. 12 as was covered by the "Hotel Bethel," the plaintiff took a non-suit and appealed.

*Messrs. J. S. Grogan* and *Watson & Buxton*, for plaintiff (appellant).

*Messrs. A. H. Eller* and *Glenn & Manly*, for defendant.

FURCHES, J.: This is an action of ejectment. The defendant, for the purpose of securing money borrowed from the plaintiff, executed a deed of trust to one Grogan, by which he conveyed to said trustee Lot No. 13 in the city of Winston. The description contained in the deed is as follows:. "Beginning at the corner of Lot No. 12 and running southwardly the west side of Chestnut street 44 feet 3 inches to Seventh street, thence westward with said Seventh street 100 feet to an alley, thence northward with said alley 39 feet 11 inches to the line of Lot No. 12, thence eastward with the line of Lot No. 12, 100 feet to the beginning. This lot is know as Lot No. 13 on the Show ground plot, recorded in the Register's office in Book 42,

page 274, and upon this lot the Hotel Bethel is erected."
Grogan, trustee, sold, and plaintiff bought and brings this
action.

In fact, the Hotel Bethel is erected on Lot No. 13, but
extends over the line between lots No. 12 and 13, eight
feet on Lot No. 12, and this action is to recover this eight
feet of Lot No. 12.

Plaintiff contends that the language used in the closing
sentence of the description—"and upon this lot the Hotel
Bethel is erected"—controls the description; and thereby
this eight feet was conveyed by the deed of trust to Grogan
and by him to the plaintiff—it being admitted that the
Grogan deed to plaintiff contains identically the same de-
scription as that in the deed of trust.

But we do not agree with the plaintiff. If the mortgage
had been a conveyance of the "Hotel Bethel," situate on
Lot 13, we would say it conveyed the ground upon which
it stood, so far at least as the mortgagor was concerned,
and he would be estopped to deny that it did. But that is
not the case here. The grant is of Lot No. 13 specifically de-
scribed by metes and bounds, calling for the line of Lot
No. 12, and the hotel is only mentioned as a further means
of locating the property.

We are unable to distinguish this case from that of *Mid-
gett* v. *Twiford*, at this term, and it must be governed by
what is said in that case.

                                          Affirmed.