WILLIS W. MIDGETT v. JAMES TWIFORD, et als.

*Special Proceeding for Division of Land —Tenancy in Common—Deed—Description.*

In a deed by one of four devisees to a stranger, the specific description of the land by metes and bounds was immediately followed by the words, "or the one-fourth part of all the land that my father M. died seized and possessed of"; *Held,* that the addendum to the specific description did not control the latter so as to create a tenancy in common in other land devised by the deceased.

PROCEEDING for the partition of land tried on issues transmitted by the Superior Court Clerk of DARE County, before *Timberlake, J.,* at Fall Term, 1896, of DARE Superior Couru. There was judgment for the defendant, and the plaintiff appealed.

*Mr. J. Heywood Sawyer,* for plaintiff (appellant).
*Mr. W. J. Griffin,* for defendants.

FURCHES, J.: This case was before us at Fall Term, 1895, and is reported in 117 N. C., 8. It is a proceeding for the partition of land among the plaintiff and the defendants, as tenants in common. And when it was here before, upon the complaint and demurrer of defendants, we held that they were tenants in common under the will of Edward Mann: the parties all being devisees or assignees of devisees of said Mann.

But this case presents quite a different state of facts. The plaintiff is the assignee of W. K. Mann,.through T. M. Gard, and occupies a very different relation to the other devisees and assignees to what the grantor, W. K. Mann, did.

The facts stated tend to show that there had been an oral partition of the land devised by Edward Mann to his four sons, and the lines run and marked. And the argument before us was principally upon the effect of this oral partition, and the length of possession thereunder, and as to whether the court should not have submitted the issue to the jury instead of directing a finding against the plaintiff.

But upon examination we are of the opinion that the case does not turn upon that question, but upon the grant contained in the plaintiff's deed.

The deed from W. K. Mann to Thomas Gard, the plaintiff's grantor, contains the following description of the land conveyed: "Beginning at a post joining the lands and line of Thomas R. Mann, thence running a westwardly and southerly course along the line and land of Thomas R. Mann to a marked tree, thence a northwardly course along the swamp to a marked gum, thence an easterly course joining the undivided land between Thoms R. Mann and others, thence along said land to a post, thence a southerly course to the first station—one hundred acres of land, be the same more or less, or the one-fourth part of all the land

that my father Edward Mann died seized and possessed of.''
Thomas R. Mann, whose land is called in this deed, is one
of the devisees of Edward Mann.

It was contended by plaintiff's counsel, that the closing
part of this description—''or the one-fourth part of all the
land that my father Edward Mann died seized and possessed
of''—controlled the description and created the tenancy in
common. We do not think so. If this had been the only
description contained in the deed, the plaintiff's contention
would have been correct. But when added to a specific
boundary, locating the land conveyed, it cannot have that
effect. Thus, connected with the specific description, it can
only be considered as an identification of the land described
in the boundary. This being so, it necessarily follows that
the plaintiff had no interest in the other land willed by Ed-
ward Mann, and is not a tenant in common with the defen-
dants. He can have no interest, under his deed, in land not
conveyed by the deed.

We find no error, and the judgment is affirmed.

Affirmed.