MARINA L. BROWN v. W. W. MYERS AND WIFE.

(Filed 14 April, 1909.)

1. **Deeds and Conveyances—Description—Direction, Evident Mistake of—Other Errors—Presumption.**

   When it is evident from an otherwise correct description in a deed that "east down a road" should have read "west," no presumption is raised that there are other errors or omissions in the description of the land conveyed.

2. **Deeds and Conveyances—Mistake of Draughtsman—Evidence—Subsequent Deeds—Descriptions Not Vague.**

   A part of the description to a conveyance of land read, "down the road to the run of Mill Branch." Plaintiff contends that by mistake of the draughtsman the line should have run straight from a first bend in the road to a certain point on the branch below the point where the road came: *Held,* (1) a second deed made by the grantor subsequent to the deed recorded, without acceptance by the grantee, is no evidence of plaintiff's contention; (2) by reason of description of the line indicated, the description of the *locus in quo* is not void for vagueness or uncertainty.

3. **Notice, Service of—Superior Court—Constable.**

   The service of a notice in an action in the Superior Court by a town constable is insufficient.

Action for trespass, damages and injunction, tried by *W. R. Allen, J.,* and a jury, at Fall Term, 1908, of Hertford.

Plaintiff appealed.

*R. C. Bridgers* and *L. L. Smith* for plaintiff.
*Winborne & Lawrence* for defendants.

Clark, C. J. The plaintiff conveyed to the *feme* defendant a tract of "75 acres, more or less," describing the boundaries as follows: "Beginning at Mrs. M. J. Lassiter's road gate, thence running in an east direction *down the road to the run of Mill Branch;* thence down the run of the branch to the run of Ahoskie Swamp; thence up the run of said swamp to the baptizing hole; thence running a line of marked trees between Mrs. M. J. Lassiter's land and Walter Lassiter to the beginning." The only controversy is as to the line "down the road to the run of Mill Branch." Going "down the road," one would come to Mill Branch, without let or hindrance. There are two bends or sharp

turns in the road, and the plaintiff contends that, while the straight road from B to C should be followed, at C, the first

bend, instead of further following the road, the line should be extended almost straight ahead through the woods to F, which

is a point on Mill Branch, but below the point which would be reached going "down the road to the run of Mill Branch," as is prescribed in the deed.

This variation of leaving the road and "taking to the woods," if allowable, would save the plaintiff, the grantor in the deed, the ten acres now in controversy. To justify such departure from the plain words of the deed, the plaintiff avers in the complaint that, "by mutual mistake or by mistake of the draughtsman," the words "along the road to the run of Mill Branch" were written, when it ought and was intended to be written "along the road to the bend of the road; thence nearly the same course, a line of marked trees, to a poplar near the canal or the run of Mill Branch." This was denied, as was also the further allegation that prior to the execution of the deed the grantor went over the land with the husband of *feme* defendant and located the line as being from the bend of the road, at C to F, on Mill Branch, below where the line, if following the road, would strike Mill Branch. These contentions were submitted to the jury, who found for the defendant on the following issues:

1. "Is the land in dispute embraced within the boundaries of the deed to the defendant Rosa L. Myers?" Answer: "Yes."

2. "If so, did the plaintiff and W. W. Myers, prior to the execution of the deed, go over the land to be conveyed for the purpose of locating the land to be embraced in the deed, and did they locate said line and *make* the same run from B to C and then to F on the plat?" Answer: "No."

3. "If so, was it the intention of the parties to said deed, at the time of the execution thereof, to convey the land to the line, B to C, and then to F, on the plat, and no further?" Answer: "No."

The points at issue were fairly submitted and determined. The words "in an east direction" along the road, should have been "west," as the plaintiff avers and as is evident *(Wiseman v. Green,* 127 N. C., 288), but that fact has no bearing on the controversy. It raises no presumption that there were other errors and omissions whereby the plaintiff conveyed ten acres more than he intended. The jury found on the evidence that there was no omission, and that the road was the boundary on that side, as stated in the deed.

The court properly refused to charge the jury that the line in dispute was where the defendant contended. This was his first exception.

The second exception relied on in the plaintiff's brief is the rejection in evidence of another deed, written after the defendant's deed was recorded, making the line run from the bend of the road at C to F, which deed was written by witness, in the absence of the *feme* defendant, without her request, and witness is unable to remember at whose request.

The third exception is to the holding by the court that the service of a notice in the Superior Court by a constable was insufficient. *Cullen v. Absher,* 119 N. C., 441.

The only other exception relied on in plaintiff's brief is the refusal of the following prayer: "That as a matter of law the description in the defendants' deed is too vague to cover the land in controversy, and you will therefore answer the first issue 'No.'"

These exceptions require no discussion at our hands.

No Error.