ROPER LUMBER COMPANY v. W. N. McGOWAN ET AL.

(Filed 14 October, 1914.)

**Deeds and Conveyances—Interpretation—Color of Title—Description—Naming Tract—Identification.**

> Where the description of lands in a deed, relied on for color of title, gives course and distance by specific calls, and refers to the land conveyed as the "Hancy Jones land," and there is evidence tending to identify the *locus in quo* within the boundaries named, the name given to the land in the deed will be considered only as identifying the tract, and its different location will not be controlling. The charge of the court in this case is approved. *Locklear v. Savage,* 159 N. C., 236.

APPEAL by plaintiff from *Whedbee, J.,* at November Term, 1913, of CRAVEN.

Civil action to restrain the cutting of timber, tried as to title and trespass, before his Honor, H. W. Whedbee, judge, and a jury, at November Term, 1913, of the Superior Court of Craven County.

The jury rendered the following verdict:

1. Is the plaintiff the owner and entitled to the possession of the lands described in the complaint? Answer: "No."

2. If so, have the defendants trespassed upon the same? Answer: "No."

3. What damage is plaintiff entitled to recover of the defendants? Answer: "Nothing."

Judgment on the verdict for defendant, and plaintiff excepted and appealed.

*Moore & Dunn for plaintiff.*

*Dortch & Barham and W. D. McIver for defendant.*

PER CURIAM. On careful examination of the record we fail to find any reversible error. The plaintiff offered in evidence grants from the State and mesne conveyances from the grantees to plaintiff and evidence tending to show that his claim of title covered the land in dispute. Defendants offered in evidence deeds from John C. Wynn *et al.,* bearing date in 1900, 1901, 1903, and 1904, for a tract of land on south side of Neuse River and east side of Slocumb's Creek, describing the same by specific metes and bounds and referring to the land also as the "Hancy Jones land," and introduced evidence tending to show the location of the calls in his deeds; that the same covered the land in 'controversy and that defendant had been in the open, continuous possession of the land up to the line of his deeds, asserting ownership since the date of said deeds and for some years prior thereto. The summons in the cause is dated in March, 1912. The land in dispute was situate on the northern side of

Duck Creek and, on evidence to the effect that the correct boundary of the Hancy Jones tract, as formerly known and described, had never included any land north of said Duck Creek, it was insisted for plaintiff that defendant was without color of title for the land in dispute, as his own deeds referred to the land conveyed therein as the "Hancy Jones land"; but, according to the testimony, the northern line of defendant's deed, by specific call of course and distance, and by correct location, covered the *locus in quo,* and in such case our decisions are to the effect that the course and distance shall control, and the additional reference to the land conveyed as the "Hancy Jones land" shall be considered only as identifying the tract. *Johnston v. Case,* 131 N. C., 491; *Midgett v. Twiford,* 120 N. C., 4.

It was further contended for plaintiff that the character of defendant's occupation was not such as to ripen title by adverse possession, but a perusal of the record will not sustain this position.

In the careful and comprehensive charge his Honor fully and correctly stated the rules established by our decisions on this subject, notably that of *Locklear v. Savage,* 159 N. C., 236. Under this intelligent direction the jury have rendered their verdict in favor of defendant, and we find no reason for disturbing the conclusion they have reached.

There is no error, and the judgment on the verdict must be affirmed.

No error.