MATILDA A. HAYDEN v. JOHN HENRY HAYDEN ET ALS.

(Filed 15 October, 1919.)

1. **Deeds and Conveyances — Descriptions — Mistakes—Boundaries—Correction—Equity.**

   A description of land in a deed making the beginning point on the eastern side of a certain side of a city street will be read to meet the intended description, as beginning on the western side of the street, when it refers to a plat by which it is evident that to place such beginning as designated would take the street into the lot, and by placing it on the western side it would fit the description of the deed (except as to this point,) and the map of the lot referred to by block and number.

2. **Same—Maps—Inconsistent Descriptions.**

   Where a deed contains two descriptions of the lands, one by metes and bounds and the other by lot and block, according to a certain plat or map, the controlling description is the lot according to the plat or map.

3. **Executors and Administrators — Substituted Trustee—Courts—Estoppel—Parties—Statutes—Trusts.**

   Where an executor under a will with power to sell the lands of his testate and reinvest the proceeds, etc., has died, and all persons in present and contingent interest have been made parties to an action (Rev., 1590) wherein the court has substituted another as trustee, upon like trusts in every respect, and the decree was not appealed from, all the privies and parties are estopped as to all issuable matters therein, and

may not deny the power of the substituted trustee to make sale of the lands as fully as the executor under the will was therein authorized to make.

4. **Deeds and Conveyances — Wills — Trusts—Substituted Trustee—Color— Adverse. Possession—Limitation of Actions.**

   A deed made by a trustee substituted by order of court for one named in a will, with power of sale, is color of title which will ripen into an absolute one by sufficient adverse possession for the statutory periods, there being no infants interested, the suspension of the statute as to married women having been repealed.

5. **Limitation of Actions—Trusts—Cestui que Trustents.**

   Under the facts of this case it is *held*, that where a substituted trustee for an executor under a will is barred by the statute of limitations, the *cestuis que trustent* are also barred.

6. **Torrens Law—Deeds and Conveyances—Parties—Estoppel—Statutes.**

   Where a commissioner has sold land in conformity with the Torrens system, his deed cuts off the rights of all persons in being or hereafter to come into being. Rev., 1590.

WALKER, J., did not sit.

APPEAL by defendants from *Calvert, J.*, at May Term, 1919, of NEW HANOVER.

P. H. Hayden died in 1903, testate, leaving, besides other property, the real estate which is the subject of this action.

An action was brought in the Superior Court of New Hanover for the purpose of selling said land by judicial sale, freed and discharged of all contingent remainders or other interests in said property. In that action an order was made at October Term, 1918, appointing E. K. Bryan, commissioner, with the direction to sell said land. At this sale the respondent, Joseph .W. Little, was the last and highest bidder, and at April Term, 1919, the said bid was confirmed and the commissioner ordered to execute a conveyance for the property.

After this was done, the petitioner, Joseph W. Little, not being actually aware of the motion for confirmation, had the title to the property examined by counsel, who found certain irregularities which, in his opinion, rendered the title to the property doubtful.

A petition was filed at May Term, 1919, by E. K. Bryan, commissioner, in which it was sought to have the title adjudicated to be good and a judgment directing the purchaser, Joseph W. Little, to accept the deed and pay the purchase money. To this petition the respondent filed answer, in which the objections to the title were set up.

A jury trial was waived and the case was heard orally by Calvert, J., who rendered judgment that the title to the said property was good, and the respondent, Joseph W. Little, was ordered to pay the purchase price and accept the deed, to which he excepted and appealed.

*E. K. Bryan for plaintiffs.*
*Rountree & Davis and Geo. H. Howell for respondent Little.*

CLARK, C. J.  This appeal is intended to raise the single question whether the title to the property is good and marketable. The respondent is desirous to complete the purchase, but intending to expend large sums, he is unwilling to do so without an adjudication that the title is good. It seems that all persons who can, in any contingency, have an interest in the property have been made parties. It is admitted that the procedure authorized in *Shields v. Allen,* 77 N. C., 375, has been followed in raising the question of title for adjudication.

The first exception is that the court held that the word "eastern" in the description in the deed from McRee, trustee, to Hayden should be read "western." The *locus in quo* lies on the west side of Third Street in Wilmington, opposite the courthouse, but the deed makes the beginning point "in the eastern line of Third Street, 66 feet southwardly from its intersection of Princess Street," instead of "in the western line of Third Street," etc.; thence "westwardly and parallel with Princess Street 165 feet." Third Street being 99 feet wide, the language used would put 99 feet of the lot in the street, which is no part of "Lot No. 2, in block 166, according to the plan of Wilmington." The deed in describing the property says: "The same being the eastern half of lot No. 2, in block 166, according to the plan of said city." Changing "eastern" to "western" the description fits the *locus in quo* in every respect. It is apparent that the draftsman in writing the beginning as being "in the eastern line of Third Street" meant the eastern line of the lot on Third Street. The court properly held that the word "eastern," when speaking of the beginning on Third Street, should read "western line of Third Street." Such correction, when there is a patent error as here, has often been upheld by this Court. *Fowler v. Coble,* 162 N. C., 500; *Ipock v. Gaskins,* 161 N. C., 73; *Brown v. Myers,* 150 N. C., 441; *Wsieman v. Green,* 127 N. C., 288; *Mizell x. Simmons,* 79 N. C., 190.

Where the deed contains two descriptions, one by metes and bounds and the other by lot and block according to a certain plot or map, the controlling description is the lot according to the plan, rather than the one by metes and bounds. *Nash v. R. R.,* 67 N. C., 413. It appears from the records entirely certain upon the face of the deed that the parties intended to convey the eastern half of lot No. 2, in block 166.

The second assignment of error is because the court held that Joseph H. McRee, the trustee appointed in the place of Robert H. Cowan, could convey a good title to Hayden, and that therefore the purchaser would get a good title. It appears from the will of Dr. J. F. McRee that he

HAYDEN *v.* HAYDEN.

devised this property to "Robert H. Cowan and his heirs in trust for the separate use of my daughter-in-law, Sarah J. McRee, wife of my

N

PRINCESS STREET

SECOND STREET

290

BLOCK No. 166

East Half of Lot 2 Block 166

1

2

3

4

5

THIRD. STREET 99 FEET WIDE

COURT HOUSE

MARKET STREET

son James, during her life and at her death in trust for her children, by my said son James, and I do hereby empower the said Robert Cowan, whenever he may deem it necessary or advantageous, to sell the said lot

and reinvest the money in other property, real or personal, to be held on the same trusts as are herein expressed in relation to said land."

Col. Robert H. Cowan, the said trustee, died without having sold this property, and at April Term, 1873, of New Hanover, in an action brought by the beneficiaries under said item of the will against the executor and heirs at law of Cowan; J. H. McRee was substituted as trustee, and it was decreed that he should "hold and possess all the property, real and personal, which was devised and bequeathed by the said James F. McRee in trust, upon the like trusts in every respect that the same were held and possessed by Robert H. Cowan, late trustee."

Under the authority of such decree said McRee, trustee, sold the property to J. H. Hayden. The contention of the respondent is that the power of sale given to Robert H. Cowan, trustee, being in the nature of a personal discretion, did not pass to the substituted trustee, citing *Young v. Young*, 97 N. C., 132.

Without impeaching in any respect the entire correctness of that decision, the decree made in this case conferred upon Joseph H. McRee the property "upon the like trusts, in every respect, that the same were held and possessed by Robert H. Cowan, late trustee." The terms of this decree are very broad and vested in the substituted trustee, in every respect, every power possessed by Robert H. Cowan. This decree was not appealed from, and is therefore valid and binding in every respect.

Besides, the beneficiaries of the trust who would be entitled to object to the sale are cut off by the decree as they were made parties under the following language: "And all persons unknown to the plaintiffs who may have an interest in the lands and premises described in the complaint, or may possibly come into being, or may possibly have an interest in the same." Rev., 1590; *Ryder v. Oates,* 173 N. C., 572.

By virtue of the decree unappealed from the trust in the hands of Joseph H. McRee, trustee, was coextensive with and as effective as if he had been named in the will of James F. McRee originally as trustee instead of Cowan. *Baugert v. Blades,* 117 N. C., 228; *Ferebee v. Sawyer,* 167 N. C., 199; *Clothing Co. v. Hay,* 163 N. C., 495; *Bank v. Dew,* 175 N. C., 79.

The whole subject is fully discussed and clearly stated, with great wealth of authorities, by *Hoke, J.,* in *Ferebee v. Sawyer,* 167 N. C., at p. 203, quoting and approving the following from *Coltrane v. Laughlin,* 157 N. C., 282: "It is well recognized here and elsewhere that when a court having jurisdiction of a cause and the parties renders judgment therein it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the

scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing."

Besides, the deed of the substituted trustee to Hayden was color of title, and under our statutes of seven, twenty, and thirty years possession is a good and marketable title by operation of law under the facts shown in this case. The lot was in front of the courthouse in the city of Wilmington, and possession of the same was fully established. The "color of title" is not impaired by the fact that the word "eastern" in the deed should have read "western." It is in evidence that Hayden went into possession of the property in 1878, which was forty years before the bringing of this action, and there cannot possibly be any infant, and the suspension of the statute as to married women was repealed by the act of 1899. The trustee being barred, the cestuis que trustent are equally barred. Barden v. Stickney, 132 N. C., 417; Kirkman v. Holland, 139 N. C., 189; Webb v. Borden, 145 N. C., 197.

If it were open to serious debate whether the will of J. F. McRee gave a fee tail to Sarah J. McRee, special, upon the death of Cowan, the statute executed the use by converting the estate into a fee simple. Cameron v. Hicks, 141 N. C., 21. She and all her children were parties to the proceeding in which Joseph H. McRee was appointed substitute trustee with the same rights as those possessed by Robert H. Cowan, and the purchaser under him received by his deed the legal and equitable title.

Finally the suit brought to sell this property complies in every particular with the requirements of the Torrens System, and the title deed by the commissioner would cut off the rights of any other person in being or hereafter to come into being, as an attorney was appointed by the court to represent such possible or contingent interests. Ryder v. Oates, 173 N. C., 572; Rev., 1590.

Upon the entire record the title was a good and indefeasible title.

Affirmed.