BERNARD ELIAS v. W. H. ARTHUR.

(Filed 20 December, 1923.)

**Deeds and Conveyances—Descriptions—Mistakes—Correction—Courts.**

The court will correct, as a matter of law, the call in a deed for land from so many degrees "east" to that many degrees "west," when it clearly appears from the other calls therein that this was the unmistakable intent of the parties and the mistake is obvious.

APPEAL by defendant from *McElroy, J.,* at November Term, 1923, of BUNCOMBE.

This was a controversy submitted without action. Judgment for plaintiff, and defendant appealed.

*Martin, Rollins & Martin for plaintiff.*
*D. M. Hodges, Jr., for defendant.*

CLARK, C. J.   The sole question presented upon the facts agreed is whether or not the description in the deed for the lot from R. O. Patterson and wife to S. R. Chedester, set out in the record, is erroneous. The plaintiff contends that the third call mentioned in the deed should read "south 14 degrees *east*" instead of "south 14 degrees *west*," as written in the deed, and that the error is so patent that upon examination of this record it will be seen, as the judge below has held, that this was a patent error and should be corrected.

It would seem, upon examination of the record and the contentions, that his Honor was correct in so holding.   In the first place, the description calls for a lot on the north side of Patton Avenue, "being the west end of the lot on which the parties of the first part now live." It is clear from this that the west end of the property of grantors was intended to be conveyed, and not the northwest corner.   If it should be construed as contended by the defendant, then the conveyance would cover only the northwest corner of the land of the grantors.

In the second place, if the third call in the deed, "south 14 degrees *west* 15 poles 9 links to a stake on the western edge of Patton Avenue," be stopped at the end of the distance called for, the line would be 48.4 feet short of the distance necessary to carry the same to Patton Avenue. In the third place, the last call in the deed from Patterson and wife to Chedester is "thence south 70 degrees west along said (Patton) avenue 8 poles 12 links to the beginning."   If the deed were construed as contended by the defendant, the last call in the description, instead of 8 poles and 12 links to the beginning as called for, the distance would be only 1.8 feet or 2.73 links.

If, therefore, the deed were construed according to defendant's contention there would be three errors in the deed at least: First, it would not convey the west end of the lot of the grantors; second, the line from the northeast corner of the lot at "C" would not be long enough to reach Patton Avenue; third, the line from "F" to "A," instead of being 139.9 feet, would be only 1.8 feet.

It is clear, therefore, that there is a clerical error in the deed, and this should be corrected so that the description of the third call should read "south 14 degrees *east*" instead of "south 14 degrees *west*" as written.   *Hayden v. Hayden,* 178 N. C., 261, where the word "eastern" was changed to "western" in order to fit the description to the thing intended to be described.   To the same purport are the following cases: *Ipock v. Gaskins,* 161 N. C., 678; *Brown v. Myers,* 150 N. C., 443; *Davidson v. Shuler,* 119 N. C., 582.

In *Wiseman v. Green,* 127 N. C., 288, it is held: "Where it plainly appears from the deed itself that there is a mistake in the description as where the word 'east' is written 'west,' the Court will construe the

ELIAS *v.* ARTHUR.

deed according to the intent." Again, in head-note 5, *Mizell v. Simmons,* 79 N. C., 190, it is stated: "The Court will construe 'east' to mean 'west' in a call for a line in a grant when the mistake is obvious and fully corrected by other calls and an annexed plat."

We think the judgment of his Honor should be

Affirmed.