R. M. LEWIS v. D. V. FURR AND RAY McEACHERN.

(Filed 29 October, 1947.)

**1. Trial § 20—**

   Where the legal effect of the description in a deed is the sole question raised by the pleadings, the court properly determines the controversy as a question of law.

**2. Boundaries § 2—**

   Ordinarily a particular description in a deed prevails over a general description, and the specific description cannot be enlarged by the general unless the specific description is ambiguous or insufficient, or the reference is to a fuller and more accurate description.

**3. Same—**

After allotment of a tract of land to his widow as dower, the remaining lands of intestate were allotted to his heirs at law. Thereafter, one heir at law conveyed by deed describing the land allotted to her by specific description followed by the words "the same being my entire interest in and to the real estate" of the ancestor, for an amount exactly the same as the valuation placed upon the land allotted to her. Thereafter the widow died. *Held:* The specific description in the deed executed by the heir was not enlarged by the general description, and the deed did not convey the heir's undivided interest in remainder in the lands allotted as dower.

**4. Evidence § 3—**

Our courts will take judicial notice of the laws of a sister state. G. S., 8-4. .

**5. Wills § 15b—**

Where a will devising realty in this State is duly probated in the court having jurisdiction in the state in which testate died, and a copy thereof is duly certified and authenticated by the clerk of that court, and it appears from such copy that the will was executed with two witnesses and proved by affidavit of one of them, G. S., 31-27, such copy may be recorded here as if an original. Want of proper authentication of such copy and of the probate proceedings in accordance with the Federal Rules may be supplied *nunc pro tunc.* U.S.C.A. Title 28, Sec. 688.

APPEAL by defendant from *Alley, J.,* at June Term, 1947, of CABARRUS.

Civil action to determine controversy between plaintiff and defendant Furr as to ownership of proceeds of one-sixth interest in certain land claimed by each of them.

When the cause came on for hearing in Superior Court of Cabarrus County, and after hearing the evidence introduced, the court, being of opinion, and holding that no issue of fact arises on the pleadings, or the evidence that the jury is competent to pass on, it was agreed by counsel for both plaintiff and defendant that the judge take the papers and records and consider the case and render his decision while presiding in the Fifteenth District, out of term, out of the county and out of the District.

From the evidence introduced, the court finds these facts pertinent to the controversy, briefly stated:

1. That the heirs at law of J. R. Blackwelder, who died in the year 1913, filed a petition to allot to his widow, Sarah E. Blackwelder, her dower in his real estate and to divide the remainder among his children, and lot No. 1, containing 111 acres, was allotted to Sarah E. Blackwelder, and lot No. 4 was assigned and allotted to Ida Lewis, one of the children of J. R. Blackwelder, by metes and bounds, containing 65½ acres, valued at $1,965.00 and a charge of $602.07 to be paid by Sarah Furr, another

child, and $154.39 to be paid by Zelia Blackwelder, another child, making a total valuation thereof in the sum of $2,721.46.

2. That thereafter on 15 August, 1914, the said Ida Lewis and husband, R. M. Lewis,—the latter being the plaintiff in this action,—made a deed for said lot No. 4, "together with her boot money, or owelty," to D. V. Furr, the defendant in present action, for the consideration of $2,721.46, with the usual covenants of warranty. That this deed contained the following description: "Fourth lot in the division of lands of J. R. Blackwelder, deceased: Lying and being on No. 2 Township, Cabarrus County, North Carolina . . . described as follows": (Specific description by metes and bounds), "containing 65½ acres, more or less. The same being my entire interest in and to the real estate of my father, J. R. Blackwelder, deceased, whether in lands or boot money allotted and assigned in the division of the lands and real estate of which my said father died seized. (See Report of Commissioners appointed to divide the lands of J. R. Blackwelder, deceased)." Following the description, there is an assignment and conveyance to D. V. Furr of "any and all boot money due us, or either of us, in the division of the lands of the said J. R. Blackwelder, deceased . . . in our place and stead," and authorizing him "to receipt for the same in our place and stead."

3. That thereafter the said Ida Lewis died on 21 August, 1914, leaving a last will and testament, dated 7 August, 1914, containing the following clause: "I do hereby give, bequeath and devise unto my beloved husband, the said R. M. Lewis, all my property, real, personal and mixed, wheresoever situated, to have and to hold the same unto him and his heirs and assigns absolutely and forever in fee simple."

4. That Sarah E. Blackwelder, widow as aforesaid, died on or about 29 November, 1944, and thereupon the heirs at law of J. R. Blackwelder, including plaintiff and defendant, filed an *Ex parte* proceeding to sell the land formerly laid off to Sarah E. Blackwelder as her dower, and set out in the petition the interests of the petitioners, among others, the following: "R. M. Lewis or D. V. Furr owns the one-sixth interest in said lands, it being the undivided interest which Ida Lewis inherited from her father . . . etc.",—R. M. Lewis claiming under the will of Ida Lewis by virtue of the above quoted clause thereof, and D. V. Furr, claiming under the deed of 15 August, 1914, from Ida Lewis and her husband, R. M. Lewis, as hereinabove set forth; and, further, that both R. M. Lewis and D. V. Furr consent that said interest be sold under the proceeding and that the one-sixth of proceeds, representing the Ida Lewis interest in the dower tract as aforesaid, be paid into the office of Clerk of Superior Court of Cabarrus County "to be paid to such person or persons as may be legally entitled thereto."

5. That the dower tract of land was sold under order of court in the *Ex parte* proceeding, and the said one-sixth interest in the proceeds

amounted to $4,091.90, and same has been paid into office of Clerk of Superior Court, and the Clerk is stakeholder, and does not claim the money.

From these facts, the judge recites that "the question presented to the court is: Does the description in the deed from Ida Lewis and husband, R. M. Lewis, to D. V. Furr, as set out herein, convey her interest in the dower tract?" The court being of the opinion, concluded "that the clause following the description by metes and bounds in the deed from Ida Lewis and husband, R. M. Lewis, had reference solely to the 65½ acres tract allotted in the special proceeding introduced, and that, therefore, by virtue of the will of Ida Lewis to her husband, R. M. Lewis, it conveys her interest in the tract containing 111 acres allotted to her mother, widow of J. R. Blackwelder, and the funds derived therefrom are the property of R. M. Lewis, and that he is entitled to recover the same in this action." In accordance therewith, the court entered judgment in which it is adjudged that plaintiff R. M. Lewis recover the $4,091.90, in the hands of Clerk of Superior Court, and that defendant D. V. Furr pay the cost of the action. Defendant Furr appeals therefrom to Supreme Court, and assigns error.

*Hartsell & Hartsell for plaintiff, appellee.*
*B. W. Blackwelder and W. S. Bogle for defendant, appellant.*

WINBORNE, J. Appellant presents for decision on this appeal four questions; in three of which, in the view we take of the case, he is interested:

First: Did the court err in holding that the pleadings raised no issue of fact to be submitted to the jury? The question raised is one of law,— the interpretation of the description in the deed from Ida Lewis and husband, R. M. Lewis, to D. V. Furr. As presented here, that is a question of law for the court, and not an issue of fact for the jury.

Second: Does the description in the deed above, set out in the foregoing statement of facts, convey the interest of Ida Lewis in the dower tract? In other words, is the particular description therein enlarged by the language which appears immediately thereafter? The court below answered in the negative, and with that ruling we are in accord.

The specific description in a deed, when definite and clear, is not to be enlarged by a reference to the source of title, such as "being the same property conveyed in deed," etc., because "when connected with the specific description, it can only be considered as an identification of the land described in the boundary," *Midgett v. Twiford,* 120 N. C., 4, 26 S. E., 626, or "as a further means of locating the property," *Loan Assn. v. Bethel,* 120 N. C., 344, 27 S. E., 29.

It is only when the specific description is ambiguous, or insufficient, or the reference is to a fuller and more accurate description, that the general clause is allowed to control or is given significance in determining the boundaries. 18 C. J., 284. *Campbell v. McArthur,* 9 N. C., 33; *Ritter v. Barrett,* 20 N. C., 266; *Quelch v. Futch,* 172 N. C., 316, 90 S. E., 259; *Crews v. Crews,* 210 N. C., 217, 186 S. E., 156.

The rule is that where there is a particular and a general description in a deed, the particular description prevails over the general. *Carter v. White,* 101 N. C., 30, 7 S. E., 473; *Cox v. McGowan,* 116 N. C., 131, 21 S. E., 108; *Midgett v. Twiford, supra; Loan Assn. v. Bethel, supra; Johnston v. Case,* 131 N. C., 491, 42 S. E., 957; *Lumber Co. v. McGowan,* 168 N. C., 86, 83 S. E., 8; *Potter v. Bonner,* 174 N. C., 20, 93 S. E., 370; *Bailey v. Hayman,* 218 N. C., 175, 10 S. E. (2d), 667.

The case of *Midgett v. Twiford, supra,* is not unlike the case in hand. The holding there, pertinent here, is set out in this headnote: "In a deed by one of four devisees to a stranger, the specific description of the land by metes and bounds was immediately followed by the words, 'for the one-fourth part of all the land that my father M. died seized and possessed of': *Held,* that the *addendum* to the description did not control the latter so as to create a tenancy in common in other land devised by the deceased."

To like effect is the holding in *Loan Assn. v. Bethel, supra.* There, to the description of a lot, by metes and bounds, in a deed, were added these words: "This lot is known as lot No. 13 . . . and upon this lot the Hotel Bethel stands," and is appeared that the hotel building extended over the line and covered a part of lot No. 12. And the court held that no part of lot No. 12 passed by the deed, "the hotel being mentioned only as a means of locating lot No. 13."

These rules of interpretation are applicable to the deed in question in the present action. The words "the same being . . ." patently refer only to the tract of land particularly described, as a further means of locating it. Also, it is significant that the consideration expressed in the deed, $2,721.46, is the exact amount of the valuation placed upon the 65½ acre tract plus the owelty when allotted to Ida Lewis in the partition proceeding,—$2,721.46. And we find no error in the ruling of the court below in holding that the description in the deed covers only the 65½ acre tract, which is described by metes and bounds. Hence, under the deed from Ida Lewis and her husband to D. V. Furr, Furr has no claim to the moneys in controversy.

Third: This question relates to the refusal of the court to grant defendant's motion for judgment of nonsuit. However, in his brief appellant concedes that this is controlled largely by the answer to the question relating to the description.

Fourth: The questions as to whether the purported copy of the will of Ida Lewis and of the proceedings had in the county court of Hays County, Texas, in connection with the probate thereof, have been duly certified and authenticated, and as to whether the execution of the purported will and the purported probate thereof in the State of Texas are in conformity with the statutes of North Carolina, are matters in which appellant is no longer concerned.

It is appropriate to say, however, (1) that the laws of Texas, of which we take judicial notice, G. S., 8-4, provide that "the county court shall have general jurisdiction of a probate court," and "shall probate wills, grant letters testamentary . . .," etc., and provides the procedure for probating wills." Revised Civil Statutes of 1925 of Texas, Title 54. (2) That the copy of the purported will of Ida Lewis appears to have been executed with two witnesses and proven by affidavit of one in conformity with the provisions of our statute, G. S., 31-27, and (3) that the will was probated in the county court of the County of Hays in the State of Texas, in accordance with the laws of Texas. Therefore, when duly certified and authenticated by the clerk of the county court of Hays County a copy of the will and of the proceedings had in connection with probate thereof, "may be allowed, filed and recorded in the same manner as if the original and not a copy had been produced, proven and allowed" before the clerk of the Superior Court of Cabarrus County, North Carolina. However, the record on this appeal fails to show proper authentication of the copy of the will and of the proceedings in connection with the probate thereof in accordance with Federal Rules. U.S.C.A. Title 28, Sec. 688. See also G. S., Appendix III. This may be done *nunc pro tunc. Coble v. Coble,* 227 N. C., 547, 42 S. E. (2d), 898.

The judgment below will be modified in accordance with this opinion, and as so modified is here affirmed.

Modified and affirmed.