BOARD OF TRANSPORTATION v. LIONEL W. PELLETIER AND WIFE, MYRTLE M. PELLETIER; JAMES PAUL LEWIS AND WIFE, NANCY W. LEWIS; GEORGE W. SALTER AND WIFE, CELESTINE SALTER

No. 773SC1072

(Filed 7 November 1978)

**Boundaries § 1; Deeds § 26— Torrens deed—general and specific descriptions— specific description controlling**

In an action to condemn property in order to enlarge a bridge where two families claimed ownership to a portion of the tract sought to be condemned, the trial court properly determined that the metes and bounds description in one family's Land Registration Certificate was controlling, the disputed property was included in that metes and bounds description, and the further reference in the Certificate to "Tract No. 2" of the Jelser Proceeding was inserted merely for the purpose of identifying generally the property that was more specifically described by metes and bounds.

APPEAL by defendants James Paul Lewis and Nancy W. Lewis from *Browning, Judge.* Judgment entered 22 August 1977 in Superior Court, CARTERET County. Heard in the Court of Appeals 27 September 1978.

On 31 October 1974 the Board of Transportation instituted an action to condemn certain property located in Carteret County in order to enlarge a bridge that crossed Oyster Creek. By answers duly filed both the Lewises and Pelletiers claimed ownership to a portion of the tract sought to be condemned. A trial was had before Judge Browning to determine who owned the disputed property.

The evidence introduced at trial is summarized as follows:

Prior to 1932, a wooden bridge crossed Oyster Creek. A bridge replacing the wooden bridge was built by the State in 1932. In order to shorten the length needed to span Oyster Creek, an area on both sides of the creek was filled in between 1923 and 1932. The 1932 bridge extended across Oyster Creek connecting these two landfills. The land in dispute in the present case is the area that was filled in on the north side of Oyster Creek.

Defendant Pelletier bases his claim of ownership to the disputed land on Land Registration Certificate #1191 dated 1 April 1960. This certificate was issued to Rudolph Pelletier in Special Proceeding #1418 entitled *"Rudolph Pelletier v. Carlton J. Taylor, et al.,"* instituted on 26 September 1958 and represents a partial decree of registration of certain lands therein described pursuant to the provisions of Chapter 43 of the North Carolina General Statutes. The tract of land pertinent to the present case was described in the certificate as follows:

In Davis Township, Carteret County, North Carolina, particularly described as follows:

BEGINNING at the intersection of the center line of U.S. Highway 70 and the waters of the North side of the Oyster Creek; runs thence along the center line of U.S. Highway 70 the following courses and distances; North 31-50 East, 280 feet; North 41-50 East, 126 feet; North 73-25 East, 372 feet; North 72-30 East, 1403 feet; and North 49-00 East, 430 feet, to a point thence North 58-30 West, 2490 feet to a point;

thence South 20-00 West, approximately 2350 feet to the north side of the waters of Oyster Creek; and thence down the waters of the Oyster Creek to the center of U.S. Highway 70, the point of BEGINNING; containing 80 acres, more or less; being Tract No. 2 of the division in "*Jelser et al. vs. Newby et al.*," Special Proceeding No. 415.

Rudolph Pelletier transferred the land registration certificate to Lionel W. Pelletier, the defendant in the present case, on 26 January 1972.

Defendants Lewis claim they own the disputed property through adverse possession for more than thirty years and under color of title for seven years.

After hearing all the evidence, the trial judge made detailed findings and conclusions, including the following:

That the beginning point called for in the metes and bounds description in Defendant Pelletier's certificate of title is located at the intersection of the center line of U.S. Highway #70 and the waters of the north side of the Oyster Creek as the same existed at the time of the filing of S.P.D. 1418 in September 1958, and as shown on Pelletier's Exhibit #2 and from said beginning point the boundaries of the lands owned by Lionel W. Pelletier incorporates all of the lands being condemned by the Plaintiff as described in the petition filed herein.

That the map referred to in said description contained in the Pelletier Registered Certificate as Tract #2 of the Division in *Jelser v. Newby et al.*, Special Proceeding #415, refers to a tract of land as it existed on April 4, 1923 . . .

That the intent of the parties to S.P.D. #1418 was to create a beginning point at the intersection of the center line of U.S. Highway 70 and the waters of the north side of Oyster Creek as the same existed in 1958 and 1960 and the parties did not intend to create a beginning point at the intersection of said highway and the north shore of Oyster Creek as it existed on April 4, 1923, and as shown on the map referred to in said description. That the northern line of

Oyster Creek as it existed on April 4, 1923 was not readily visible or apparent when the Pelletier certificate #1191 was issued.

. . .

That the lands being taken by the Plaintiff herein are owned by the Defendant, Lionel W. Pelletier, by virtue of his Registered Certificate #1191 of record in Registered Land Title Book 3A, page 653, Carteret County Registry, said certificate being issued pursuant to the provisions of Chapter 43 of the General Statutes entitled "Land Registration Act."

Except for the fact that the land in dispute is a part of the registered title of the Defendants Pelletier, the Defendants Lewis would be the owners of the disputed property by adverse possession for more than thirty (30) years and adverse possession under color of title for more than seven (7) years. Title by adverse possession cannot ripen as to land registered under the provisions of the Land Registration Act, General Statutes of North Carolina, Section 43-21.

From the judgment decreeing defendant Pelletier to be the owner of the disputed property, defendants Lewis appeal.

*Taylor and Marquardt, by Nelson W. Taylor III, for defendant appellants James Paul Lewis and Nancy W. Lewis.*

*Beaman, Kellum, Mills & Kafer, by James C. Mills, for defendant appellee Lionel W. Pelletier.*

HEDRICK, Judge.

Defendants Lewis agree that the land in dispute is embraced within the metes and bounds description contained in Pelletier's Registered Land Certificate. They bottom their claim, however, on the fact that the disputed land is not included in "Tract No. 2 of the division in *'Jelser, et al. vs. Newby, et al.,'* Special Proceeding No. 415." Defendants Lewis realize that their claim must fail if the disputed land was in fact intended to be covered by the description in the land certificate.

In construing a deed description it is the function of the court to determine the true intent of the parties as embodied in

the entire instrument. *Franklin v. Faulkner*, 248 N.C. 656, 104 S.E. 2d 841 (1958); *Hardy v. Edwards*, 22 N.C. App. 276, 206 S.E. 2d 316, *cert. denied*, 285 N.C. 659, 207 S.E. 2d 753 (1974). "The intention of the parties as apparent in a deed should generally control in determining the property conveyed thereby. But if the intent is not apparent from the deed resort may be had to the general rules of construction." *Sugg v. Greenville*, 169 N.C. 606, 614, 86 S.E. 695, 699 (1915). It is generally recognized in this jurisdiction that a specific description will prevail over a general description. Where there is a specific description of land, other words intended to describe generally the same lands, will not be allowed to vary or enlarge the specific description. *Root v. Allstate Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968); *Lee v. McDonald*, 230 N.C. 517, 53 S.E. 2d 845 (1949). This rule is derived from the proposition that an additional general description, such as a reference to the source of title, when contrasted with the specific description "can only be considered as an identification of the land described in the boundary," *Midgett v. Twiford*, 120 N.C. 4, 6, 26 S.E. 626, 627 (1897), or "as a further means of locating the property." *Baltimore Building & Loan Association v. Bethel*, 120 N.C. 344, 345, 27 S.E. 29 (1897). *See also, Lewis v. Furr*, 228 N.C. 89, 44 S.E. 2d 604 (1947).

In the instant case, we believe the true intent of the parties can be ascertained by looking no further than the four corners of the instrument. The Land Registration Certificate contains a detailed metes and bounds description precisely locating the boundaries of the property. The further reference in the description to Tract No. 2 in the Jelser Proceeding was inserted merely for the purpose of identifying generally the property that is more specifically described by metes and bounds. The trial judge correctly held that the controlling description was the metes and bounds description and that the disputed property was included therein.

The cases cited and relied upon by defendants Lewis, *Nash v. Wilmington and Weldon Railroad Co.*, 67 N.C. 413 (1872) and *Hayden v. Hayden*, 178 N.C. 259, 100 S.E. 515 (1919), are clearly distinguishable on their facts. In each of the cited cases the instrument being construed contained two conflicting specific descriptions rather than a specific description and a general description, as in the present case.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.