DAVID W. PETERSON, AND JUDITH S. PETERSON, PLAINTIFFS V. POLK- SULLIVAN, LLC, DEFENDANT

No. COA09-1251

(Filed 7 September 2010)

## Deeds— description—clear plat description controlling

Summary judgment was properly granted for defendant in a land dispute where the trial court properly determined that a clearly referenced plat controlled this case. The general clause in a deed is allowed to control or is given significance only when the specific description is ambiguous or insufficient, or the reference is to a fuller and more accurate description.

Appeal by plaintiffs from order entered 29 June 2009 by Judge Shannon R. Joseph in Superior Court, Chatham County. Heard in the Court of Appeals 25 February 2010.

*Northen Blue, LLP, by David M. Rooks, for plaintiffs-appellants.*

*Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for defendant-appellee.*

STROUD, Judge.

Plaintiffs David and Judith Peterson sued defendant Polk-Sullivan, LLC regarding a land dispute. Summary judgment was granted in favor of Polk-Sullivan and the Petersons appealed. As we conclude that the trial court properly granted summary judgment in Polk-Sullivan's favor, we affirm.

## I. Background

On or about 5 August 2008, the Petersons filed a complaint alleging that they are "owners in fee simple and are in possession of that certain tract or parcel of land in Chatham County, North Carolina (the 'Property')" and that defendant Polk-Sullivan "claims an estate or interest in the Property adverse to the Plaintiffs and that the alleged claim of Defendant is based upon a mistake in the deed to Defendant[.]" The Petersons requested, *inter alia*, "the Court remove the cloud of Defendant's adverse claim to Plaintiffs' Property from Plaintiffs' title and that Plaintiffs be declared the owner in fee simple of the Property, free and clear of any claims of Defendant pursuant to N.C. Gen. Stat. § 41-40." On 21 October 2008, Polk-Sullivan filed an answer to the Petersons' complaint denying most of the allegations and claiming the affirmative defenses of estoppel by plat, estoppel by deed, and superior title. Polk-Sullivan requested, *inter alia*, the trial court dismiss the Petersons' complaint.

On or about 1 May 2009, the Petersons filed a motion for summary judgment. On or about 15 June 2009, Polk-Sullivan filed a motion for summary judgment. On 29 June 2009, the trial court denied the Petersons' motion for summary judgment and granted Polk-Sullivan's motion for summary judgment. The Petersons appeal.

## II. Summary Judgment

As stated in the trial court order,

> [t]he parties stipulated at the outset of the hearing that the legal issue to be decided by the Court in connection with both Motions was the legal effect of the following legal description in Plaintiff Peterson's back chain of title:

BEING all of Lots 1, 2, 3, & 4, inclusive, PACES MILL SET-
TLEMENT, as per plat entitled "Survey of Paces Mill Settlement,
Chatham County, Hadley Township", dated December 4, 1989,
revised December 11, 1989, surveyed by Larry W. Poole &
Associates P.A., Registered Land Surveyors, and recorded in Plat
Slide 90-13, Chatham County Registry to which plat reference is
hereby made for a more particular description of same, and being
the same property as conveyed to grantors by Deed recorded in
Book 505, Page 22, Chatham County Registry (hereinafter the
["]Pace Mills Legal Description").

Thus, the legal description the trial court was to consider contained
reference to the 4 December 1989 survey, recorded at "Plat Slide
90-13" ("plat description") and to the "Deed recorded in Book 505,
Page 22, Chatham County Registry [('deed description').]".

The Petersons argue that

the trial court erred by failing to consider and give proper weight
to all of the language contained in the conveyance of the Pace
Mill Tract as it is described in Plaintiffs' chain of title in the deed
from West Place to Pace Mill in Deed Book 552, Page 545 of the
Chatham County Registry.

. . . .

Here, the deed to Pace Mill from West Place includes both a
plat reference and a statement that the deed is intended to convey
the same property that West Place acquired from their predecessor
in title. The Trial Court erred by relying only on the plat reference
and ignoring back deed reference.

Our Court has previously stated that

[s]ummary judgment, by definition, is always based on two
underlying questions of law: (1) whether there is a genuine issue
of material fact and (2) whether the moving party is entitled to
judgment. On appeal, review of summary judgment is necessarily
limited to whether the trial court's conclusions as to these questions
of law were correct ones.

As the applicable standard of review is de novo, an appellate
court must carefully examine the entire record in reviewing a
grant of summary judgment, in order to assess the correctness of
the trial court's determination of the two questions of law auto-
matically raised by summary judgment[.]

*Woods v. Mangum*, —— N.C. App. ——, ——, 682 S.E.2d 435, 441 (2009) (citations, quotation marks, and brackets omitted), *aff'd per curiam*, 363 N.C. 827, 689 S.E.2d 858 (2010).

While the Petersons argue that we should consider the deed description and the parties' intentions, the North Carolina Supreme Court has plainly stated that the plat referenced in the deed is controlling:

> [i]t seems to have been established by numerous decisions of this Court that where lots are sold by reference to a recorded plat, the effect of reference to the plat is to incorporate it in the deed as a part of the description of the land conveyed. . . . a map or plat, referred to in a deed, becomes a part of the deed as if it were written therein. Where a deed contains two descriptions, one by metes and bounds and the other by lot and block according to a certain plat or map, the controlling description is the lot according to the plan, rather than the one by metes and bounds.

*Kelly v. King*, 225 N.C. 709, 716, 36 S.E.2d 220, 224 (1945) (emphasis added) (citations and quotation marks omitted); *see Lewis v. Furr*, 228 N.C. 89, 92-93, 44 S.E.2d 604, 606 (1947) ("The specific description in a deed, when definite and clear, is not to be enlarged by a reference to the source of title, such as 'being the same property conveyed in deed', etc., because when connected with the specific description, it can only be considered as an identification of the land described in the boundary[] or as a further means of locating the property[.] It is only when the specific description is ambiguous, or insufficient, or the reference is to a fuller and more accurate description, that the general clause is allowed to control or is given significance in determining the boundaries." (citations and quotation marks omitted)).

The Petersons cite to *U.S. v. Kubalak*, 365 F. Supp. 2d 677 (W.D.N.C. 2005), *Sugg v. Greenville*, 169 N.C. 606, 86 S.E. 695 (1915), and *Gudger v. White*, 141 N.C. 507, 54 S.E. 386 (1906) in support of their argument that the trial court should have considered the deed description and/or the parties' intentions, instead of relying upon the plat description; however, none of the cases referenced by the Petersons provide that the trial court should refer to a deed description or allow the parties' intentions to control over a clearly referenced plat description. The trial court therefore correctly determined that the plat controls and properly set the boundary line at "N 83 Degrees 43 Minutes 32 Seconds West 1411.29 feet." This argument is overruled.

**PETERSON v. POLK-SULLIVAN, LLC**

[206 N.C. App. 756 (2010)]

## III. Conclusion

Because the trial court properly relied upon the plat reference to which the parties stipulated, we affirm the judgment of the trial court.

AFFIRMED.

Judges ELMORE and JACKSON concur.